In the Matter of the Claim of WILLIAM J. McLAUGHLIN, Respond-
ent, against CURTIS-QUILLEN COMPANY and Another, Appellants.
STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 29, 1928.

**Workmen's compensation — partial disability — claimant was injured in
head August 31, 1926, and later returned to work not as fireman but as
watchman at lower wages — Industrial Board made finding March 9,
1927, that then condition of dizziness was caused by injury — evidence
not sufficient to support finding.**

The claimant, a man sixty-two years of age, was injured on August 31, 1926, by
being struck in the forehead by a piece of metal. In the hospital he suffered
severe headaches, tremor of the hands and dizziness. Sometime later he
returned to work, not at his regular occupation as a fireman, but as a watch-
man at less wages. March 9, 1927, the State Industrial Board made a finding
that he was still partially disabled and that his condition at that time was
caused by the injury. The only evidence to support that finding is the testimony
by a physician who examined the claimant on March 8, 1927, in which testimony
he stated that he found a distinct tremor of the upper extremities and that con-
sidering the age of the claimant an injury to his head can be a contributing
factor to the headache and vertigo from which he claimed to be suffering.

That evidence is insufficient to support the finding, especially in view of the fact
that there is some evidence that the plaintiff is a drinking man. The question
is not whether or not one of several causes could contribute to the present
condition of the claimant but what actually in all probability did cause it.

VAN KIRK, P. J., and HINMAN, J., dissent, with opinion.

APPEAL by the Curtis-Quillen Company and another from an
award of the State Industrial Board made on the 8th day of March,
1927.

*James J. Mahoney* [*George J. Stacy* and *William S. Sinclair* of
counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Assistant Attorney-
General,* of counsel], for the respondents.

DAVIS, J. The claimant was injured August 31, 1926, being
struck in the forehead by a flying piece of metal. It cut a gash in
his head which bled freely and, it is said, caused a slight transverse
fracture, of which no sign or indentation now remains. He was
treated at a hospital and had pain, headaches and tremor of the
hands.

There is no question that the claimant was temporarily disabled.
The carrier paid compensation for four weeks and then discontinued
the payments. The attending physician reported on October
seventh that the claimant was not in need of further medical or
surgical attention and was able to resume work. The claimant

did resume work subsequently but not at his regular occupation as a fireman. He took a watchman's job at lower wages. His claim is that he has dizzy spells and headaches and gets nervous; and that he is unable to work at his usual vocation. He attributes his present condition to the former injury. In the award it is found that " because of the said accidental injuries sustained by the claimant herein and the consequences naturally and unavoidably flowing therefrom, said William J. McLaughlin was totally disabled from September 1, 1926, to September 8, 1926, and partially disabled from October 6, 1926, to March 9, 1927, on which latter date he was still partially disabled." An award for reduced earnings has been made for the period from October 6, 1926, to March 9, 1927, and the claim is continued for further hearing.

The appellants challenge the award on the ground that no causal connection was shown between the injury and the reduced earning power claimed and found.

The claimant was sixty-two years of age at the time of the injury. There was some testimony indicating that the ailments from which it is claimed he was suffering might have been due to drinking rather than to the accident. The injury itself was not sufficiently serious so that the consequences claimed would inevitably follow. It then became important to establish the relation between the injury and the physical ailments asserted by claimant. His symptoms were practically all subjective and his claims concerning them were somewhat vague and indefinite. It was a question which required the aid of medical skill in its solution.

The only evidence connecting the claimant's disability with the injury which we are able to find by a careful search of the record, is that of Dr. Lewy who first examined the claimant on March 8, 1927. He recites the complaints of claimant but the physical examination disclosed nothing objective except " a distinct tremor of the upper extremities." He then says: " Considering the age of the claimant, an injury to his head as described can be a contributing factor to the headache and vertigo which he complains of."

We think this falls short of a definite opinion on the vital issue of causation. It is essentially speculative and conjectural. The question to be determined was not whether one of several possible causes *could* contribute to an existing physical condition, but what actually in all probability *did* cause it. The opinion of the medical witness was admissible to aid the triers of the fact if he could give it with reasonable certainty.

The modern rule relative to opinion evidence is liberal, but in doubtful cases there must be more than possibility of result if

14

weight and credit are to be given the opinion of a medical expert. (*Gehl* v. *Bachmann-Bechtel Brewing Co.*, 156 App. Div. 51, 54; *Carolan* v. *Hoe & Co.*, 214 id. 356, 358.)   While no special form of words is required in framing the question, the answer must disclose that in the mind of the witness there exists a reasonable certainty that a given condition or result has occurred or will probably occur from the original injury or ailment.   (*Turner* v. *City of Newburgh*, 109 N. Y. 301, 308, 309; *Griswold* v. *New York Central, etc., R. R. Co.*, 115 id. 61, 64; *Knoll* v. *Third Ave. R. R. Co.*, 46 App. Div. 527, 529; affd., 168 N. Y. 592; *Kidney* v. *Gray*, 154 App. Div. 193; *Pincus* v. *Schlechter*, 167 id. 361.)

If there had been other evidence pointing strongly toward the claimed grounds of causation, we could overlook the deficiency in the evidence quoted.   (Workmen's Compensation Law, § 118; *Walden* v. *City of Jamestown*, 79 App. Div. 433; affd., 178 N. Y. 213; *Christastie* v. *Elmira W., L. & R. R. Co.*, 202 App. Div. 270.) But here the probative value of the testimony is so slight that it cannot be regarded as possessing sufficient weight to establish the necessary relation between the injury and the disability asserted. (*Matter of Nazzaro* v. *Angelilli*, 217 App. Div. 415, 417; *Matter of Hallock*, 214 id. 323, 327.)

The award should be reversed and the matter remitted to the State Industrial Board for further proof, with costs against the State Industrial Board to abide the event.

WHITMYER and HILL, JJ., concur; VAN KIRK, P. J., dissents, with a memorandum, in which HINMAN J., concurs.

VAN KIRK, P. J. (dissenting).   The objections are that causal relation is not established, and the finding as to his reduced earning capacity is not supported by evidence.   On August 31, 1926, claimant received a violent blow on the forehead, was knocked backward striking his head against a box car and suffered a transverse fracture of the frontal bones.   Dr. Ostrum's verified report, dated September fourth, shows this; also that the injury caused permanent defects, namely, headache and dizziness.   There is no history or evidence of a pre-existing injury ailment, or disease.   To the question: " On what date able to do any work and nature of work," Dr. Ostrum answered, " Remote possibility."   He did not see the claimant later than October 6, 1926.   The claimant testified that, to the end of the period of the award, he has suffered from nervous spells, headaches and dizziness and that these kept him from work. He denies drunkenness.   In December, 1926, he worked for a few days, and in March, 1927, he worked seven nights a week at three dollars and sixty cents per night, twenty-five dollars and twenty

cents per week; also he worked in November a short time as a watchman. He testified that in each case he had to stop because of pains, nervousness and numbness of his brain; his head felt as if there were an iron band around it; before this accident he had no nervousness, no tremor of the hands. The headaches and dizziness are the permanent injuries which Dr. Ostrum reported he would suffer. Dr. Lewy's report was put in the record March 8, 1927, after an examination that day made. He says: " Considering the age of the claimant, an injury to his head as described can be a contributing factor to the headache and vertigo which he complains of." Also he says: " I believe claimant can continue performing work which does not require stooping or walking on elevated structures." It is a fair inference from that that at present he has a limited capacity for work. In view of the first report of Dr. Ostrum and claimant's testimony, the Industrial Board had before it evidence on which to find that the accidental injury was a competent producing cause of the headaches, vertigo and dizziness of which he complains. He has tried a number of times to work and he testifies that each time he was unable to continue because of his headaches, dizziness and nervousness. The highest wage he has received is twenty-five dollars and twenty cents per week and this is fixed as his earning capacity. He had had another job as watchman at twenty-two dollars per week. Where a man has actually tried to secure jobs and has worked, the wages he has been able to receive are some proof of his earning capacity. The award should be affirmed.

HINMAN, J., concurs.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.