In the Matter of the Claim of FANNIE SHERMAN, Respondent, against ABRAHAM ORWASHER and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 27, 1930.

*Frederick Mellor* [*Bernard F. Farley* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

Per Curiam. The only question requiring consideration is whether there is sufficient evidence to establish causal relation between the accident and the illness resulting in the death of the employee.

Sherman, the employee, received injuries on November 26, 1926, resulting in a left inguinal hernia. An operation, under general anæsthetic, to relieve this condition was performed April 2, 1927. Sherman recovered from the operation and on May sixteenth Dr. Israel of the medical staff of the department examined him and said that the claimant was able to do his work after the usual period of disability. That period was fixed at eight weeks and he was awarded compensation amounting to $160.66 and the case was closed.

Sherman apparently did not return to work, but was taken ill and was in different hospitals from about June eighteenth until the time of his death on September 29, 1927. It was discovered that he suffered from " chronic myocarditis, disease of the aortic and mitral valves, disease of the coronary arteries, marked hypertensions, and chronic nephritis." The death certificate indicated that the diagnosis during his last illness was " auricular fibrillation, myocarditis and endocarditis."

There is testimony that it was highly dangerous to give a general anæsthetic to a man suffering from these chronic ailments. It was to be expected that he would die on the operating table. Nevertheless he lived and his wounds healed. The question is, did the anæsthetic and the operation cause or hasten his death? Of the several doctors who had attended him but one was called as a witness. His evidence was inconclusive and speculative. The nearest that he came to making any direct proof was that an operation under a general anæsthesia " could be a competent contributory cause. * * * It could aggravate the heart condition." Nowhere does the physician say that in his opinion it was a competent producing cause.

Where there is so much doubt in the evidence we think more conclusive proof should be made. (*Matter of McLaughlin* v. *Curtis-Quillen Co.*, 223 App. Div. 208; *Matter of Metz* v. *Gallagher*, Id. 548.)

The award should be reversed and the matter remitted to the State Industrial Board, with costs to appellant to abide the event.

Hinman, Acting P. J., Davis, Whitmyer, Hill and Hasbrouck, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.