In the Matter of the Claim of LOUISE M. ALEXANDER, Respondent, against DOLOMITE PRODUCTS COMPANY, Appellant, and CATHERINE SCHLAEFER and JOHN ODENBACH and Another. STATE INDUSTRIAL BOARD, Respondent.— The deceased, driving truck of his general employer, was in the special employment of the Dolomite Company. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of AUGUSTA FRANKEL, Appellant, against NATIONAL 5, 10 AND 25 CENT STORES and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Claimant's intestate had worked for several hours unpacking merchandise in the employer's store. About two-forty-five P. M. a fellow-employee remarked upon his distressed appearance; intestate replied that he had suffered a strain. About four P. M. he suffered a seizure and shortly died of angina pectoris. Physician testified that the work of unpacking merchandise "could have" produced the angina. (*Matter of McLaughlin* v. *Curtis-Quillen Co.*, 223 App. Div. 208.) Award was denied by the State Industrial Board. Decision of the State Industrial Board affirmed. Hill, P. J., Rhodes, McNamee and Bliss, JJ., concur; Crapser, J., dissents.

In the Matter of the Claim of RUTH SCHLOSSBERG, Respondent, against GUSTAV IGSTAEDTER and Another, Doing Business as IGSTAEDTER & MELLIS, and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant, while in her employment, in a room without windows, the day being hot, fainted. While a fellow-employee was attempting to revive her with spirits of ammonia, some of the ammonia accidentally entered her left eye, as the result of which she sustained injuries thereto, for which an award has been made. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of ROBERT VAN PELT, Respondent, against THE BLUE WHITE LAUNDRY COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The claimant was employee of laundry. His arm was caught in a pressing machine. In jerking his body backwards to release his arm he fell and injured his head, for which injuries the award was made. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of LILLIAN FISHER, Respondent, against AGATE ICE CREAM COMPANY, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The question is one of causal relation. Deceased employee received an injury to his abdomen. On May 2, 1932, while lifting a heavy object he felt a sharp pain, and as a result a bunch developed in the groin which became increasingly larger, resulting in a ventro-inguinal hernia. An operation was performed for the repair of the hernia and death resulted. There is competent medical testimony to sustain the finding of the Industrial Board that the accidental injuries were the cause of death. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.