In the Matter of the Claim of ANITA FISHMAN, Respondent, against S. W. LAYTON, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 19, 1954.

*Edward J. Haniver* and *William L. Shumate* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

FOSTER, P. J.   Claimant has been awarded compensation by the Workmen's Compensation Board for injuries and disability resulting from drinking a mixture of coca-cola and benzedrine during working hours for the purpose of relieving drowsiness. The employer and its insurance carrier have appealed from the award on the ground that the alleged accident did not arise out of her employment.

The employer operated a retail optical business and employed claimant as a bookkeeper.  Her place of work was confined, in fact she described it as " dark office  *  *  *  like a cellar ". The day of the episode was very hot, and the board could find

that claimant became sleepy, and also that she looked tired to her fellow employees. About three o'clock in the afternoon she was persuaded by some of her coemployees to drink a mixture of coca-cola and the contents of a benzedrine inhaler. Almost immediately she suffered dire consequences — a cerebral hemorrhage with coma and paralysis of the left side. There is medical testimony to the effect that those conditions resulted because of weak blood vessels in her system, previously damaged by purpura. The benzedrine she took raised her blood pressure and caused some blood vessels to break.

We think the event can be safely classed as an accident within the meaning of common speech — it was sudden, unexpected and catastrophic. There is no evidence that benzedrine, a rather common drug, would ordinarily cause any such injurious consequences. Undoubtedly the accident happened during the course of her employment, but whether it arose out of her employment presents a more difficult question.

Unquestionably the board could find that claimant's sleepiness was caused in part by her working conditions and that she drank the mixture solely to revive herself. While the ultimate act was of her own volition, for no one forced her to drink the mixture, nevertheless the element of persuasion is important for it was an incident of her association with other employees. She herself felt sleepy and they told her that she looked tired. Without any apprehension as to injurious consequences, and at their suggestion, she took the mixture to relieve herself of a physical condition that arose, in part at least, from her work; and which of necessity must have interfered with the efficient performance of her duties. Her act therefore was not only designed for her own comfort but was obviously also in the interest of her employer.

Appellants rely on some earlier cases to sustain their position that the accident here did not arise out of claimant's employment (*Matter of Brown* v. *New York State Training School for Girls,* 285 N. Y. 37; *Matter of Saenger* v. *Locke,* 220 N. Y. 556; *Matter of O'Neil* v. *Carley Heater Co.,* 218 N. Y. 414). Two of these cases are easily distinguishable on the facts. In the *Brown* case claimant's husband mistakenly took a bichloride of mercury tablet to relieve pain following an operation for a compensable injury. There was no chain of causation between his accidental injury and the fatal consequences of his mistake. In the *O'Neil* case the decedent mistakenly took barium chloride instead of epsom salts to relieve an illness that did not arise from his work.

The *Saenger* case cannot so easily be disposed of, and presents a strong analogy to the facts here. There the claimant was injured by the mistake of a coemployee in throwing ammonia into her face instead of water to revive her from a fainting fit that followed an altercation with her superior. It was held that the accident did not arise out of her employment. There is a slight distinction factually. In the *Saenger* case claimant was not trying to revive herself, but this is a distinction too trivial to merit consideration. No significant distinction in principle can be found, and indeed the *Saenger* case appears to be stronger on the facts for an award than the present claim. Nevertheless, in the light of the more liberal trend which has characterized the evolutionary development of compensation decisions, we do not think it should be regarded as decisive here.*

The *Saenger* case was decided in 1917, at a time when the compensation law was comparatively new and more narrowly construed than is the prevailing judicial view today. Where it has been possible to do so, without violence to either logic or the language of the statute, there has been an evolutionary process of liberalism in decisions affecting injured workers to meet the beneficent purpose of the act. The brief space of an opinion will not permit the exploration of that process in detail, but two classes of cases will suffice. Compare the earlier heart cases, and the so-called horseplay cases, with those of the same type decided more recently and the change of viewpoint becomes apparent. A good example of a changed viewpoint may be found in a case closely analogous to the present one. It was decided for instance in 1935, that a claimant, employed in a room without windows and who fainted on a hot day, was entitled to an award for an injury to her eye occasioned by the use of ammonia in an attempt to revive her (*Matter of Schlossberg* v. *Igstaedter*, 243 App. Div. 841).

Therefore despite the *Saenger* case we think the claim here must be viewed in the broad light that claimant's act was an attempted furtherance of her employer's interests as well as her own comfort; and where that situation exists there is room to find that the act arose out of the employment (*Matter of Bergman* v. *Buffalo Dry Dock Co.*, 269 N. Y. 150). She took what she supposed to be a stimulating mixture to relieve a drowsy condition so that she could continue to work with her faculties

---

* An eminent authority on the subject has expressed doubt that the *Saenger* case would be followed today (1 Larson on Workmen's Compensation Law, § 13.21).

unimpaired. Such an act was obviously intended to be in the interests of her employer as well as herself. The fact that it turned out to be a foolish mistake of judgment does not bar compensation (*Frear* v. *Ells,* 200 App. Div. 239). It was so intimately connected with her employment that we can find no sound basis for saying as a matter of law that its accidental consequences did not arise out of her employment.

The award should be affirmed, with costs to the Workmen's Compensation Board.

BERGAN, COON AND IMRIE, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.