## HAMMERSCHMIDT v. MUNICIPAL GAS CO.

(Supreme Court, Appellate Division, Third Department.   June 27, 1906.)

1. GAS—LEAKAGE—INJURIES—NEGLIGENCE—RES IPSA LOQUITUR.

In an action for injuries to plaintiff's health by an alleged leak of a gas main in a street near her residence, the fact that the leakage occurred did not establish a prima facie case of negligence on the part of the gas company.

2. SAME—EVIDENCE.

In an action for injuries to plaintiff by the escape of gas in the street opposite her residence, evidence *held* insufficient to establish that defendant was negligent in failing to repair the leak of which it had no actual notice, and which could not be ascertained by its employés except in unnatural ways.

Appeal from Trial Term, Albany County.

Action by Mary Hammerschmidt against the Municipal Gas Company.   From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals.   Reversed.   New Trial Granted.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ. ·

Andrew Hamilton (Neil F. Towner, of counsel), for appellant.

Louis Silberman (Mark Cohn, of counsel), for respondent.

SMITH, J.   By this judgment defendant has been charged with damages for negligence in permitting the leakage of gas in a street in the city of Albany, which leakage permeated through the soil of the street and into the basement of a house wherein the plaintiff had rooms. The odor of the gas caused the plaintiff to become sick and unable to work to her pecuniary damage.   Plaintiff occupied the basement of the premises 158 Grand street from November, 1903, until March, 1904.   During all this time she claims that there was an odor of gas in her apartments which affected the health both of herself and of the others members of her family.   No complaint was made by her or any one else to the defendant gas company.   She claims, however, to have complained several times to her landlady, who upon the stand denied that she received complaint until about the middle of February, at which time she at once gave notice to the defendant company, and the leak was at once repaired.   The case was submitted to the jury upon the negligence of the defendant in failing to repair the leak, in case the jury found that by reason of the length of time during which that leak had existed defendant had constructive notice of the defect.   The jury found a verdict for the plaintiff for the sum of $500.   From the judgment entered upon this verdict, the appeal has been taken.

We are unable to find any proof whatever of the defendant's negligence in this case.   The fact that the leakage occurs does not make even a prima facie case of negligence.   Hutchinson v. Boston Gas Light Company, 122 Mass. 219.   And this was the law of the case as charged by the learned county judge.   The leak was found in the middle of the street.   There is no proof that the pipe in which the leak

occurred was defective and there was no question submitted to the jury as to defective construction.   Even though this leak had existed from November or a date prior thereto until February, 1904, when it was repaired, there is no evidence to charge the defendant with any notice thereof.   The winter was a severe one.   The ground was frozen.   The odor of the gas could not, therefore, come up through the ground.   The defendant company was not authorized or required to be snooping around peoples' houses to find possible leaks where no complaints had been made.   The only evidence that this was discoverable at all outside of this house at 158 Grand street is the evidence of the witness Frank Owens who swears:

"The gas came out of the basement.   When you sat on the stoop nights you could smell it; we used to sit out there.   Come up through the stairway."

It is apparent, therefore, that he only discovered the leak by reason of the open stairway and the gas coming from the inside of the house. Defendant's employés were constantly passing and repassing, and swear that they discovered no smell of gas upon the street.   The evidence of a single witness that he discovered the smell of gas upon a veranda off from the street, even though the gas did not come from the interior of the house, would not be sufficient to give constructive notice to the defendant, because it is not a place where an inspector would naturally go to find if gas were leaking.   There is no question that a sufficient force was kept on hand to repair all leaks of which the defendant had notice, or claim that this leak was not promptly repaired as soon as the defendant had notice thereof.   It is true that in November a gas meter was put into this house, and in December the gas meter was read by an employé.   There is no proof, however, that any gas was then discovered, and no judgment can rightfully rest upon the possibility that such employés might have discovered gas at that time.   We can find nothing in this case which shows that the defendant was guilty of any fault or of any negligence in failing to repair a leak of which it confessedly had no actual notice, and which could not be ascertained by its employés except in unnatural ways.

The judgment and order should, therefore, be reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.