Misc. Rep. 623, 125 N. Y. Supp. 1106. But the precise point now in issue was not present in that case. There, a team of horses, attached to a wagon, left unattended in the city streets, was run into by defendant's wagon, and, having thus been caused to run away, caused the damage for which plaintiff sued. We held that, while leaving a team unattended in a city street might be regarded as negligence, that negligence was not the proximate cause of the injury, but might be considered the causa sine qua non. The causa causans was the negligence of the defendant in colliding with the team, starting it on its career of destruction. See Trapp v. McClellan, 68 App. Div. 362, 367, 74 N. Y. Supp. 130.

It is true, as claimed by respondent, that if the independent, intervening, negligent act of a third person had brought about the accident, the respondent should not be held. But, even assuming that the conduct of the boy had in some way been negligent, this cannot be regarded as an independent act of negligence, but as one strictly dependent upon, and correlated with, the darkness negligently permitted to exist by the respondent. There is, it may be said, no proof that the boy was descending the stairs in any unduly precipitate manner, or, indeed, in any way which would not have been perfectly safe under ordinary circumstances. If his descent is, nevertheless, to be regarded as negligent, it can only be because it was negligent to descend a dark stairway; and we would then be confronted with the remarkable proposition that the landlord of a tenement house, who, according to the inferences necessarily to be drawn from the verdict, had negligently permitted the hallway to remain in darkness, might be relieved of responsibility because a tenant had used that hallway for the essential purpose of egress from the premises.

The order should therefore be set aside, with $10 costs and disbursements, and the verdict and judgment reinstated, with costs.

---

GRUNFELDER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. February 24, 1911.)

1. CARRIERS (§ 295*)—INJURIES TO PASSENGER—NEGLIGENCE.
   A motorman suddenly discovered a heavy truck on the track, and called to the passengers to jump, and himself jumped; plaintiff being injured in jumping. The car did not strike the truck hard enough to do any damage. Held that, as the event showed that the car could have been stopped before striking the truck, the motorman was negligent in not attempting to stop the car.
   [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 295.*]

2. CARRIERS (§ 336*)—INJURIES TO PASSENGER—CONTRIBUTORY NEGLIGENCE.
   That the motorman jumped from the car, and advised the passengers to jump, to avoid a collision, justified a passenger in jumping, so as not to make her negligent in doing so.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1357–1362; Dec. Dig. § 336.*]

3. EVIDENCE (§ 544*)—OPINION EVIDENCE—TESTIMONY BY PHYSICIAN.
   Where all of the physical facts on which the question was based were incorporated therein, a physician who examined plaintiff for the purpose

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of testifying could be asked whether the condition found could have been produced by the accident, though he did not see plaintiff until some years after the accident.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 544.*]

Jenks, P. J., and Burr, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Rosy Grunfelder against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, RICH, and WOODWARD, JJ.

D. A. Marsh, for appellant.

Henry A. Powell, for respondent.

WOODWARD, J. The plaintiff was a passenger on one of defendant's cars on Myrtle avenue, borough of Queens, on the 17th day of August, 1905, at about 8 o'clock in the evening. The evidence was sufficient to warrant the jury in finding that the car was running at a high rate of speed; that the motorman suddenly discovered a heavy truck on the track in front of him; that he reached up over his head, apparently to throw off the electric current, and that this was followed by a flash of light, and the motorman called to those on the car to jump, he himself setting the example; that the car collided with the truck, but not hard enough to do any particular damage; and that the plaintiff, in following the command and example of the motorman, jumped from the car and sustained injuries for which the jury has awarded her a verdict of $3,500.

There would seem to be no question that the motorman was guilty of negligence. The result which followed showed that if he had simply remained at his post, using the appliances furnished him, there was no danger. The car might easily have been stopped without any one being injured in the least. It is true, of course, that it is not necessarily negligent for one placed in a position of great danger to do the wrong thing; but in this particular case the evidence tends strongly to show that there was no great danger to be apprehended, and that the accident to the plaintiff resulted because the motorman operated his car in such a manner as to cause the plaintiff to believe herself in danger and to act upon that belief.

It is urged on this appeal that the learned trial court erred in refusing to charge the jury:

"That even if the motorman did jump, and called out 'Jump!' and that was simply misjudgment, and there was no negligence in the operation of the car, the plaintiff cannot recover."

The court did not indicate to the jury that this was not substantially the law. He merely declined to charge upon this point, "except as charged. I have gone fully into the duty of the motorman." That is, having laid down the rule in reference to the conduct of the motorman, the court refused to go into details.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There is no objection suggested to the rule as laid down by the court, and we are of the opinion that the defendant was not entitled to this instruction. The action of the motorman in jumping, and in advising his passengers to jump, had very little to do with the question of the defendant's negligence. It was of greater importance in determining the question of contributory negligence. If the plaintiff had jumped from the car without the justification of a real or supposed danger in remaining where she was, she would not have been entitled to damages; and the fact that the motorman, who was presumed to know the danger better than an ordinary passenger, himself jumped and advised others to jump, clearly afforded a justification for the plaintiff's conduct. The court charged clearly upon this point, and no one can fairly read the charge, and question that the jury had a proper instruction upon the issues.

We are persuaded that the authorities relied upon by the defendant do not justify holding that there was error in the admission of the testimony of Dr. Nafis. The objection related to a hypothetical question, the defendant disclaiming any intention to object on the ground that the physical facts were not all stated in the question, and appears to have been based on the fact that the doctor did not see the plaintiff until some years after the accident. How this could make the question, otherwise proper, improper, we are unable to discover. He examined the plaintiff for the purpose of testifying. He was given a hypothetical question, and asked if he could state with reasonable certainty whether the condition which he found could have been produced by the accident which had been detailed in the evidence. Answering this question in the affirmative, he was asked the further question whether they could produce the result, and answered this, "Yes." No objection occurs to us which may be properly urged to the ruling of the court in admitting this testimony. All of the facts on which the question was based were in evidence, and a qualified physician might properly testify whether he could determine upon a probable cause with reasonable certainty, and the authorities controlling in this court are not in disagreement upon this point.

The judgment and order appealed from should be affirmed, with costs.

HIRSCHBERG and RICH, JJ., concur.

BURR, J. (dissenting). Defendant requested the court to charge as follows:

"I ask your honor to charge that even if the motorman did jump, and called out 'Jump!' and that was simply misjudgment, and there was no negligence in the operation of the car, the plaintiff cannot recover."

For the refusal to charge as requested I think this judgment should be reversed. Plaintiff alleged, and sought to prove, negligence on the part of the defendant based upon two grounds: First, running the car at excessive speed; second, improperly directing plaintiff to jump from the car. There was a sharp conflict of evidence as to the former ground of liability, and the jury would have been justified, in my opinion, in finding a verdict for the defendant upon that ground. Be-

cause of that the request to charge became of vital importance. This request eliminated all negligence in the operation of the car, and sought to have the jury instructed as to the second alleged ground of negligence. Unquestionably, if there had been negligence in the operation of the car, and the motorman had been called upon to act in a sudden exigency, and had mistaken through error of judgment the best course to pursue, and injury had resulted to the passenger in following the advice which he gave, defendant might be liable; but that is solely on the ground that his original negligence contributed appreciably to the result. Schneider v. Second Avenue Railroad Co., 133 N. Y. 583, 30 N. E. 752. In that case the court said:

"If the party by his own negligence has placed himself in a situation of peril, and, being called upon in a sudden exigency to act, mistakes his best course through an error in judgment, he is not thereby relieved. He is not in such case held for his error in judgment in failing to adopt the best means of escaping from a sudden peril; but he is liable for the original negligence which placed him in such peril, provided that negligence appreciably contributed to the happening of the accident."

But where there is no original negligence, the reason for the rule above stated fails, and, the reason failing, the rule ceases to be operative. Suppose that a car had been standing still, and the motorman saw a runaway team approaching, which he supposed would come in contact with the car, and that it was impossible for him to move the car out of the way, and suppose that, panic-stricken, he advised the passengers to jump, and in doing so one of them was injured; he erred in judgment in advising the passengers to jump, for, as it happened, the runaway team went by without striking the car at all. On that state of facts, would the railroad company be liable? It seems to me not—first, because the conduct of the motorman, though unwise, and his judgment erroneous, as it subsequently appeared, was not negligent conduct; second, because the giving of such advice was not within the scope of his employment, or at least, if it was, he was only bound to exercise the best judgment of which he was capable.

In response to the request to charge, the court replied:

"Refused, except as charged. I have gone fully into the duty of the motorman."

But an examination of the charge fails to disclose that he had said anything in regard to the conduct of the motorman in respect to this alleged ground of negligence. He had instructed the jury as to the effect of this emergency upon the conduct of the plaintiff, as bearing upon her freedom from contributory negligence; but he had not instructed the jury, as this request required him to do, that liability of the defendant could not be predicated upon the mistaken judgment of the motorman, provided they found upon the other issue in favor of the defendant, that he was prudent and careful in his management of the car.

The exception to this refusal, as it seems to me, presents fatal error, and I vote to reverse the judgment and order appealed from.

JENKS, C. J., concurs.