### KIDNEY v. GRAY.

(Supreme Court, Appellate Division, Second Department. December 6, 1912.)

1. APPEAL AND ERROR (§ 1002*)—VERDICT—CONFLICTING EVIDENCE.

　　Where the evidence is conflicting, the verdict of the jury is conclusive.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. EVIDENCE (§ 548*)—HYPOTHETICAL QUESTIONS—BASIS OF CONCLUSION.

　　Where a physician testified that he had attended the plaintiff at other times and was acquainted with her physical condition, a hypothetical question, "Knowing that, suppose she had been violently seized by a man and thrown violently to the floor, and immediately and for weeks thereafter she suffered, etc., could such conditions have been caused by the alleged assault?" was proper, although plaintiff had not established her good health prior to the assault.

　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2365; Dec. Dig. § 548.*]

　　Burr, J., dissents.

Appeal from Trial Term, Orange County.

Action by Ida D. Kidney against Samuel Gray. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Russell Wiggins, of Middletown, for appellant.
John F. Bradner, of Middletown, for respondent.

WOODWARD, J. The plaintiff brings this action to recover damages for an alleged assault committed upon her by the defendant. There is evidence in the case from which the jury might properly find that the plaintiff accompanied her sister, a Mrs. Avery, to the store of the defendant on or about the 16th day of December, 1909; that Mrs. Avery had some controversy with the defendant over the payment of a small bill for repairs made upon a pair of shoes; that Mrs. Avery refused to pay the charge, and that the defendant attempted to detain her in his store until the same was paid; 'that Mrs. Avery succeeded in getting out of the store, and that the defendant laid violent hands upon the plaintiff, throwing her to the floor, and producing bruises and abrasions upon various parts of her body, making her sore and lame, and inducing nervous conditions which caused her considerable trouble, for which the jury has found a verdict for $500.

[1] The defendant's version of the affair is substantially that of the plaintiff, except that he insists that in the altercation the plaintiff stood leaning against the store door, and that defendant in opening 'the same caused the plaintiff accidentally to fall to the floor on her knee; that he helped her up, and that she went away without making any complaint of having been assaulted. The evidence was such that the jury might have found that the plaintiff was thrown down by accident, rather than design; but there was equally strong evidence that the defendant committed the assault as alleged by the plaintiff, and the verdict of the jury ought to be conclusive here, unless there was reversible error in the trial.

[2] The only error urged here is that the court erred in permitting the plaintiff's physician to answer a hypothetical question. The physician had testified that he was licensed to practice, that he had been practicing for about nine years, that he had heard the plaintiff 'testify, and that he had attended her on the 18th day of December. He testified:

"The outer lower surface of the left forearm, between the wrist and the elbow, was scraped, abrased, and the skin was broken. I have attended Mrs. Kidney at other times and was acquainted with her physical condition."

He was then asked:

"Knowing that, suppose she had been violently seized by a man, and then thrown violently to the floor, and immediately and for weeks thereafter she suffered from nervousness and headaches, sleeplessness, and crying, in your judgment, as a physician, might and could such conditions and ailments have been caused by the treatment she suffered from the alleged assault?"

This was objected to as incompetent and improper, and, the objection being overruled, the witness answered:

"Yes."

It is undoubtedly true that it would have been better practice for the plaintiff to have established her prior physical condition; but

the answer necessa..ily involved the assumption that her physical condition was free from the troubles mentioned, or the alleged assault could not have been the producing cause of them, and the fact of her previous condition was within the knowledge of the witness, so that the case is not within the rule of Gill v. Erie Railroad Co., 151 App. Div. 131, 140, 135 N. Y. Supp. 355, 362, where the vice of the question lay in the fact that the witness was called upon to testify from "the examination you made, and what you learned of this injury, and the condition you found him in," without disclosing to the jury the facts upon which the opinion was based. Here the witness had testified to the physical injuries which he found, and that he knew of her physical condition prior to the accident, and upon this basis he was permitted to testify that in his judgment the results complained of, which were set forth in the question, might and could result from the alleged assault.

This is, I believe, in substantial conformity to the rule as laid down in Reynolds v. Robinson, 64 N. Y. 589, that the witness' "opinion may be obtained by stating to him a hypothetical case, taking in some or all the facts stated by witnesses, and claimed by counsel putting the question to be established by their evidence, and when the question is thus stated, the witness has in his mind a definite state of facts, and the province of the triers, whether referees or jurors, is not interfered with."

The judgment and order appealed from should be affirmed, with costs, and without opinion.

JENKS, P. J., and HIRSCHBERG and RICH, JJ., concur. BURR, J., dissents, upon the ground that the court erred in allowing the answer to the hypothetical question addressed to the physician, discussed in the prevailing opinion.