PINCUS v. SCHLECHTER. (No. 7144.) \67 ω.κ̄.261

(Supreme Court, Appellate Division, First Department. May 7, 1915.)

1. EVIDENCE ☞ 528—EXPERT EVIDENCE — INJURIES TO TENANT — ADMISSIBILITY.

Where, in an action by a tenant for injuries by escaping gas, the tenant testified as to her condition, and a physician testified that when he called at the tenant's apartment he noticed an odor of gas in the apartment, and that he found plaintiff suffering from chronic inflammation of the respiratory tract and irregular heart action, questions as to whether with reasonable certainty he could state the cause of the condition of plaintiff, and whether with reasonable certainty the condition was due to gas poisoning, were improperly excluded.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2335–2337; Dec. Dig. ☞528.]

2. APPEAL AND ERROR ☞927—QUESTIONS REVIEWABLE—SUFFICIENCY OF EVIDENCE—DISMISSAL OF COMPLAINT AT CLOSE OF PLAINTIFF'S CASE.

Where the complaint was dismissed at the close of the case of plaintiff, she was entitled on appeal to the most favorable view which the jury might properly have taken of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912 2917, 3748, 3758, 4024; Dec. Dig. ☞927.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. LANDLORD AND TENANT ⊜⟹169—NEGLIGENCE OF LANDLORD—EVIDENCE—
QUESTION FOR JURY.

Whether a landlord was negligent in failing to repair a leaky gas pipe within a reasonable time after being informed of the defect *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. ⊜⟹169.]

4. LANDLORD AND TENANT ⊜⟹169 — INJURIES TO TENANT — CONTRIBUTORY
NEGLIGENCE.

A tenant who remains in possession of her apartment after discovering the escape of gas, and who is assured by the landlord that repairs will be made preventing the escape of gas, may rely at least for a reasonable time on the assurance, and is not as matter of law guilty of contributory negligence for failing to move from the apartment on the landlord's failure to remedy the defect for over a month.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. ⊜⟹169.]

Appeal from Trial Term, New York County.

Action by Tina Pincus against Louis Schlechter. From a judgment dismissing the complaint at the close of plaintiff's case, she appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry C. Burnstine, of New York City, for appellant.
L. E. Schlechter, of New York City, for respondent.

McLAUGHLIN, J.   Action to recover damages for personal injuries alleged to have been sustained by reason of defendant's negligence. The complaint was dismissed at the close of plaintiff's case, and from the judgment entered to that effect, plaintiff appeals.

The defendant was the lessee of an apartment house in the city of New York, for a term of five years commencing April 1, 1912. When he took possession, the plaintiff, with her husband and four sons, were occupying an apartment on the second floor under a lease from one Oussani, the owner. This apartment was at the end of a hall which was used in common by the tenants on that floor. About the middle of April, 1912, an odor of illuminating gas became noticeable in the hall and in plaintiff's apartment. The plaintiff became ill, though previous to this time she had been in good health. She thereupon complained to the defendant of the escaping gas, and he assured her he would "fix it." The odor, however, increased, and plaintiff made two more complaints to the defendant, who, on each occasion, promised to give the matter his immediate attention. One of plaintiff's sons testified that he complained to the defendant, as well as to the superintendent of the building. In the early part of May plaintiff left the premises for a few days, and during her absence the gas fixture in the hall was removed and a cap put on the pipe; but this did not remedy the trouble. It was not until the latter part of May, when the tiling of the hall floor was removed, that the cause of the escaping gas was discovered. It was then found that a piece of gas pipe from 12 to 14

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

inches long was full of holes. This was replaced with a new pipe, and thereafter the odor of gas disappeared.

[1] From the time the plaintiff made her first complaint until the new pipe was put in, she had been continuously ill. She testified she became dizzy, lost her appetite, was unable to sleep, and subject to headaches, coughing, and vomiting. She first called a physician on May 15th, Dr. Jacobus, who testified that when he called at plaintiff's apartment he noticed an overwhelming odor of gas in the apartment and in the hall outside; that he found plaintiff suffering from a chronic "inflammation of the respiratory tract, from her nose to the lungs, laryngitis to the nose, throat tract and windpipe, and general bronchitis, * * * a severe attack of shortness of breath, asthmatic condition, irregular heart action, very low general state, and marked anemia." He was then asked if he could state, with reasonable certainty, the cause of the condition in which he found the plaintiff. Objection was made by defendant's counsel, which was sustained, and an exception taken. He was also asked whether he could state, with reasonable certainty, that the condition in which he found plaintiff was due to the poisoning of illuminating gas, to which objection was also made, and exception taken. Numerous other questions of a similar character were put to this witness, as well as to Dr. Jacobstein; but in each instance objection was interposed by defendant's counsel, which was sustained, and an exception taken. Indeed, the plaintiff was not permitted to prove that her illness was due to the presence of illuminating gas in the hall and her apartment. In excluding this evidence, the court erred. Wagner v. Metropolitan St. R. R. Co., 79 App. Div. 591, 80 N. Y. Supp. 191; affirmed 176 N. Y. 610, 68 N. E. 1125; Grunfelder v. Brooklyn Heights R. R. Co., 143 App. Div. 89, 127 N. Y. Supp. 1085, affirmed 206 N. Y. 720, 100 N. E. 1128; Kidney v. Gray, 154 App. Div. 193, 138 N. Y. Supp. 834.

[2, 3] The complaint having been dismissed at the close of plaintiff's case, she is entitled to the most favorable view which a jury might properly have taken of the evidence. While the mere fact that there was a leakage of gas does not constitute negligence on the part of defendant (Hammerschmidt v. Municipal Gas Co., 114 App. Div. 290, 99 N. Y. Supp. 890; Mowers v. Municipal Gas Co., 142 App. Div. 169, 126 N. Y. Supp. 1033), the jury might have found that he was negligent in not making the repairs to the pipe within a reasonable time after being informed of the defect. From the testimony of the plaintiff and the witness Engel, the superintendent of the building, the jury might have found that upwards of a month elapsed between the time when the defendant was notified of the leakage and the time when the repairs were made. In the meantime the complaints of the plaintiff and her son were met with repeated assurances that the defect would be remedied. The question of defendant's negligence, at the close of plaintiff's case, was clearly for the jury. The court therefore erred upon both of the grounds specified, which necessitates a new trial.

[4] It is strenuously urged by the respondent that the plaintiff, by remaining in the apartment after she discovered that gas was escaping, was guilty of contributory negligence, as matter of law, which

prevents a recovery. A similar contention was made in the case of Frank v. Simon, 109 App. Div. 38, 95 N. Y. Supp. 666, which was an action by a tenant against her landlord to recover damages for injuries sustained through the fall of plaster from the ceiling in one of the rooms of her apartment. In that case, as in the present one, the plaintiff remained in the apartment for some time after she was aware of the defect which occasioned her injury, having been assured by her landlord that it would be remedied. In concluding that the plaintiff was not guilty of contributory negligence as matter of law, this court held that:

"In determining whether the plaintiff was guilty of contributory negligence in continuing to occupy the apartment of the defendant, her conduct must be weighed in the light of the surrounding circumstances, including the fact that she had paid for the use of the apartment and might be unable to obtain or pay for the use of another. The jury might well find on this evidence that it was not an improvident act for the plaintiff to remain in the apartment."

Applying this rule, it was a question for the jury, upon all the facts, whether the plaintiff was improvident in relying, as long as she did, upon the assurances of the defendant that he would remedy the defect. The plaintiff was justified in relying, at least for a reasonable time, upon his assurances. Krausi v. Fife, 120 App. Div. 490, 105 N. Y. Supp. 384; Marks v. Dellaglio, 56 App. Div. 299, 67 N. Y. Supp. 736. It would be unjust and unreasonable to require a tenant, under the circumstances here presented, to go to the expense and inconvenience of vacating the premises without waiting a reasonable time for the landlord to make the necessary repairs.

The judgment appealed from, therefore, is reversed, and a new trial ordered, with costs to appellant to abide event. Order filed. All concur.