BENJAMIN D. WHITEHEAD, Appellant, *v.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent, and AMY L. WHITEHEAD and Others, Defendants Impleaded Pursuant to Section 271 of the Civil Practice Act.

Third Department, September 30, 1942.

*Spira & Hershkowitz* [*Leo W. Spira* of counsel], for the appellant and for the impleaded defendants.

*Louis W. Dawson* [*John G. Kelly* of counsel], for the respondent.

PER CURIAM. Plaintiff has appealed from a judgment of the Schenectady County Trial Term entered on the verdict of a jury in favor of defendant Insurance Company, and also from an order denying his motion for a new trial.

The action was brought to recover $5,933 claimed as disability benefits under two policies of life insurance issued by defendant to plaintiff on February 9, 1925. The policies are identical in form except as to the amount of insurance. These policies provided that the insurer upon proof that the insured " has become totally and permanently disabled by bodily injury or disease, so that he is, and will be, permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit, and from following any gainful occupation," will waive payment of the annual premiums and will pay the insured certain monthly disability benefits.

It is conceded that plaintiff became totally and permanently disabled on July 18, 1934, and that such disability continued until February, 1941. During that period defendant paid plaintiff benefits in accordance with the terms of the policies. In March, 1941, defendant ceased its payments on the ground that plaintiff was no longer totally and permanently disabled and demanded payment of the annual premiums. Plaintiff then instituted this action to recover benefits under the policies on the theory that he was still totally and permanently disabled.

The proof discloses that since 1934, and up to the time of the trial, plaintiff has been unable to perform any kind of labor and has likewise been unable to follow any gainful occupation. On the trial plaintiff swore five doctors who testified that he is still totally and permanently disabled and is suffering from coronary sclerosis. Two doctors on defendant's behalf asserted that plaintiff was not suffering from any impairment of the cardiovascular system which would prevent him from engaging in a gainful occupation. Singularly enough one of these doctors had examined plaintiff for defendant in 1938. At that time he gave it as his opinion that plaintiff was suffering from an advanced coronary artery disease. On the trial this doctor testified that plaintiff was suffering from " a very severe cardiac neurosis."

From the proof in the record it seems to us that the verdict of the jury is against the great weight of the credible evidence. In addition to that, we think the plaintiff was deprived of the fair and

impartial trial to which he was entitled by the law of the land. Every litigant is entitled to, and should be accorded, an impartial trial before an unbiased tribunal. Again and again, the trial judge interrupted plaintiff's counsel in the examination of his medical witnesses. Not only that, but the judge cross-examined each of them at great length. Defendant was represented by experienced counsel who needed no assistance from the bench, nevertheless the trial judge repeatedly, and to a very marked extent, undertook to gratuitously aid the defense by his interrogation and comments. One of the physicians for plaintiff openly protested that the judge did not give him a chance to give his reasons for his answer.

The court's charge was highly favorable to defendant. A reading of that charge, coupled with the attitude of the trial judge throughout the trial, furnishes the explanation for the jury's verdict.

The court, in addition to asking the jury to render a general verdict, submitted to them the following special question: " During the period in question, namely, March 1, 1941, to date, has the plaintiff been totally disabled from engaging in any gainful occupation due to coronary sclerosis? "

We think the submission of this question was improper and prejudicial to plaintiff. It is not based on the provisions of the policies in question. What the jury was called upon to determine was whether or not plaintiff was totally and permanently disabled by bodily injury or disease from following any gainful occupation. The nature of plaintiff's illness, if any, and not its name, is the determining factor.

The interests of justice require a reversal of the judgment and order appealed from and a new trial, with costs to appellant.

HILL, P. J., CRAPSER, BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant.