Action to recover damages for personal injuries sustained by reason of the alleged negligence of defendants in failing properly to secure a welding cable to the side or deck of a ship located alongside of a dock, as a result of which the cable fell and struck plaintiff on the head. Judgment' in favor of plaintiff and against appellant affirmed, with costs. There is no claim that the verdict is excessive. The erroneous exclusion of the nurses’ record, and the comments and participation of the court in the examination and cross-examination of witnesses, in *1033 the light of all of the proof, must be regarded as harmless. Hagarty, Acting P. J., Carswell and Nolan, JJ., concur; Sneed, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: The determination of the amount of the verdict is a substantial right of the appellant which may well have been affected by errors upon the trial. The nurses’ hospital record contradicted the plaintiff and his witnesses as to his condition while in the hospital. Its exclusion was error. (Matter of O’Grady, 254 App. Div. 691 [2d Dept. 1938].) The admission, over objection, of the self-serving' declarations of the plaintiff, made not to attending physicians, but to expert medical witnesses, was error. (Belter v. Van Winkle, 234 App. Div. 886 [2d Dept. 1981].) The extensive examination of appellant’s medical witnesses by the court was not proper and may well have prejudiced the jury in determining the amount of their verdict. (Whitehead v. Mutual Life Ins. Co., 264 App. Div. 647 [3d Dept. 1942]; Bolte v. Third Avenue R. R. Co., 38 App. Div. 234 [1st Dept. 1899]; Martucci v. Brooklyn Children’s Aid Soc., 140 F. 2d 732, 734.) Adel, J., concurs with Sneed, J.