■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ALVIN RENNER, Respondent.— Order, entered October 23, 1963, dismissing indictment for lack of sufficient corroboration of testimony of accomplice unanimously modified on the law to the extent of reversing and reinstating the second and fourth counts of the indictment. Much of the argument made by defendant on this appeal by the People is not relevant to the only point presented to this court, namely, whether there was sufficient corroboration of the testimony of the accomplice, Ezell. The fourth count of the indictment is dependent upon proof of one or more of the first three counts thereof. The withdrawals of cash by the defendant were made long after the time of the alleged payment under the first count as testified by Ezell, and were too remote to be corroborative of the third count. Such withdrawals were, however, corroborative of the charge in the second count that, through payment of cash, defendant aided, abetted, induced and procured Ezell, a public officer, to ask for and receive money in return for the violation of his official duty and in violation of section 1826 of the Penal Law. Defendant's failure to explain fully how he used the cash he withdrew, and the failure of the persons to whom he said he paid the cash to substantiate completely his testimony, tend to create corroborative fact-questions connecting the withdrawals with the alleged crime (*People* v. *Willett*, 213 N. Y. 368, 386–387); and the questionable explanations given by defendant as to how he used the cash, dubiously supported by the alleged payees, tend to corroborate the testimony of the accomplice (*People* v. *McGuire*, 135 N. Y. 639, 641; and see *People* v. *Leyra*, 1 N Y 2d 199, 208). The corroborative evidence need not conclusively establish that defendant committed the alleged crime, in order for it to be sufficient at this state of the case to support the indictment. (*People* v. *Kress*, 284 N. Y. 452, 460; *People* v. *Elliott*, 106 N. Y. 288, 292.) Concur — Botein, P. J., Breitel, Rabin, Steuer and Witmer, JJ.

■ MARIA ROSA, Appellant, v. CITY OF NEW YORK, Respondent.— Judgment unanimously reversed on the law and on the facts, and a new trial ordered, with $50 costs to appellant. Plaintiff's claim of negligence is that she was caused to fall because of a hole in the sidewalk. While the claim may be of doubtful merit and, under the circumstances of this case, the burden of proving liability on the part of the defendant a difficult one, such possibilities afford no reason to reject this appeal. Plaintiff is entitled to a fair and impartial opportunity to present her case. This she did not receive (*Whitehead* v. *Mutual Life Ins. Co.*, 264 App. Div. 647; *Kamen Soap Prods.* v. *Prusansky & Prusansky*, 11 A D 2d 676; *Buckley* v. *2570 Broadway Corp.*, 12 A D 2d 473). Nor can we conclude that the exclusion of the proffered photograph was harmless error in light of the court's comment at the time of rejection. Concur — McNally, J. P., Stevens, Eager, Steuer and Staley, JJ.