FIRST DEPARTMENT, NOVEMBER, 1964

(November 5, 1964)

■ DOLORES L. SIEFRING, an Infant, by ELLA E. SIEFRING, Her Guardian
ad Litem, et al., Respondents, v. NORA MARION et al., Appellants.

*Per Curiam.* The record in this personal injury action is replete with
errors and trial misconduct so prejudicial to the rights of the defendants as
to require a new trial.

It was improper for the trial court to inquire as to and receive, without
qualification, over the objections of both defendants, the testimony as to the
statement of a mechanic that the first obligation of one of the defendants,
"if [she] is a nurse * * * is to little girl [the plaintiff] that's in your
car that was hurt". The statement, made sometime after the accident, was
inadmissible hearsay. (See Richardson, Evidence [9th ed.], § 266; 6 Caramody-
Wait, New York Practice, §§ 27, 28, pp. 464–465; *Matter of Rosen [MVAIC]*,
20 A D 2d 704.)

The rulings resulting in the rejection of the proposed opinion testimony of
Dr. Kestler, who had examined the infant plaintiff sometime after the accident
and the striking of his testimony constituted error. This witness, who was a
duly licensed physician, was fully qualified to give an opinion bearing on
causal relationship, and it was error to sustain the objections to the hypothetical
questions put to him. (Richardson, Evidence [9th ed.], § 390; *Grunfelder* v.
*Brooklyn Hgts. R. R. Co.*, 143 App. Div. 89; Note, 136 A. L. R. 965, 982,
and cases cited; see CPLR 4515.)

The frequent interruptions and unnecessary and excessive participation by the trial court in the matter of the examination of witnesses, particularly during cross-examination by defendants of plaintiffs' medical experts, were unjustified and prejudicial to the defendants. In this case, the Judge " so far injected himself into the proceedings that the jury could not review the case in the calm and untrammeled spirit necessary to effect justice." (*Kamen Soap Prods. Co.* v. *Prusansky & Prusansky,* 11 A D 2d 676; see, also, *Buckley* v. *2570 Broadway Corp.,* 12 A D 2d 473; *Whitehead* v. *Mutual Life Ins. Co.,* 264 App. Div. 647; *Henry* v. *Board of Educ.,* 20 A D 2d 555.)

Furthermore, the summation of plaintiffs' trial counsel far exceeded the bounds of a proper argument in a closing statement. He had presented himself upon the trial as a witness to give testimony in contradiction to that of a doctor (Burke) with respect to conversations between them concerning the doctor's records and with respect to what transpired in his office. Then, in summation, he stated in narrative form what he did and said in the doctor's office, and among other things, said "If I did * * * [in] Dr. Burke's office what he said I did, I should be disbarred today, tomorrow. I have no right to be an attorney to fight other people's causes. * * * Would I be such a darn fool to sacrifice my right to practice law by telling a doctor to change a record? That's forgery. * * * Are you going to convict me of that kind of testimony ". By these statements, plaintiffs' counsel deliberately introduced in the case extraneous issues and in effect placed himself on trial. This was highly improper and prejudicial, and in and of itself would require a new trial. (See *Kohlmann* v. *City of New York,* 8 A D 2d 598 [citing cases]; *Laughing* v. *Utica Steam Engine & Boiler Works,* 16 A D 2d 294; *Cherry Creek Nat. Bank* v. *Fidelity & Cas. Co.,* 207 App. Div. 787.)

Moreover, the conduct of plaintiffs' counsel in the use of his summation to state in narrative and argumentative form matters within his knowledge and bearing upon the issues in the case, amounted to again presenting himself as a witness, now unsworn and not subject to cross-examination. This, too, was highly improper.

To avoid just such improprieties by counsel as hereinbefore detailed, it is provided that: " When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in Court in behalf of his client." (Canons of Professional Ethics, canon 19; Drinker, Legal Ethics, pp. 158–159; cf. *Renault, Inc.* v. *Auto Imports,* 19 A D 2d 814.)

Finally, it should be noted that there is a serious question as to the sufficiency of the evidence to sustain a finding here that the severe disability of the infant plaintiff was causally related to the accident. But it is not necessary for us to reach this question in view of the fact that a new trial is mandated by the afore-noted errors and trial misconduct.

The judgment for plaintiffs should be reversed, on the law and the facts, and new trial granted, with costs to abide the event.

Breitel, J. P., Valente, McNally, Stevens and Eager, JJ., concur.

Judgment unanimously reversed on the law and on the facts and a new trial ordered, with $50 costs to abide the event.