■ ETHEL LOCKWOOD et al., Respondents, v VINCENT P. BERARDI, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Vogt, J.), entered June 27, 1986 in Ulster County, upon a verdict rendered in favor of plaintiffs.

Defendant owns and operates a private company which provides propane gas service predominantly to residential homes. In March 1980, plaintiffs Wesley Buley and Joan Buley contracted with defendant for the purchase of propane gas for use in their home in the Town of Olive, Ulster County. Defendant made the initial installment of a regulator and two

full tanks without incident. A delivery and installation of two full replacement tanks was made on April 30, 1980. On May 2, 1980, Mr. Buley, after smelling gas, went into his basement to check his hot water heater, which was run by gas. When he turned on the basement light, there was an explosion resulting in injury to himself and damage to the house.

The Buleys, along with other individuals who had an ownership interest in the property, sued defendant to recover damages based on Mr. Buley's personal injuries and property damage. After a jury trial, a verdict was returned in favor of plaintiffs. This appeal ensued. We reverse and remit the matter for a new trial.

Supreme Court charged the jury that: "before furnishing gas to a consumer's pipes, the defendant has a duty to exercise reasonable care to ascertain that the gas pipes in the consumer's premises are in the proper condition to prevent the escape of gas, and failure to do [so] * * * is negligence." Such a charge imposes upon defendant a duty, as a matter of law, to ascertain if the gas pipes in plaintiffs' residence were in proper condition to prevent the escape of gas. A determination as to negligence necessarily involves two issues: first, whether the defendant owed a duty of care to the plaintiff, and second, whether such duty was breached by the failure of the defendant to exercise reasonable care *(Mesick v State of New York,* 118 AD2d 214, 216, *lv denied* 68 NY2d 611). Existence of a duty is a question of law to be determined by the court based upon the facts and circumstances of the case; whether such duty, if it existed, was breached is a question of fact to be resolved by the trier of fact unless reasonable minds could not differ regarding the conclusions to be drawn from the evidence *(Vogel v West Mountain Corp.,* 97 AD2d 46, 48). The existence of a duty to act reasonably is independent of what measures a reasonable person would take to fulfill such duty, the latter inquiry being the essence of breach.

Here, Supreme Court properly concluded that defendant owed plaintiffs a duty of care. The extent of such duty was that defendant was bound, in permitting its gas to enter plaintiffs' residence, to exercise that degree of care which the nature of the article it dealt with and the consequences to be apprehended from an accident reasonably call for *(see, Schmeer v Gas Light Co.,* 147 NY 529, 538). The issue of whether defendant, in fulfilling this duty, should have inspected the internal piping of plaintiffs' residence before commencing service was, absent a statute requiring such conduct, a question of fact for the jury. Thus, the court's charge that

defendant had a duty to inspect as a matter of law constituted reversible error.

We also conclude that Supreme Court erred in refusing defendant's request to charge the contributory or comparative negligence of plaintiffs. Testimony at trial indicated that prior to retaining the services of defendant to supply propane gas, plaintiffs' need for such gas increased from one 100-pound tank per month to two such tanks per month. Plaintiffs never informed defendant of that fact. It has been held that inaction in the face of evidence of a gas leak raises a question of fact as to contributory negligence (*see, Pincus v Schlechter,* 167 App Div 361). Since a reasonable person might question the excessive rate of gas use, the jury should have been charged with regard to the issue of contributory or comparative negligence.

Judgment reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.