■ ALFRED L. JACQUES et al., Appellants, v JOAN M. FLEUREN, Defendant, and NIAGARA MOHAWK POWER CORPORATION, Respondent.—Kane, J. Appeal from an order of the Supreme Court (Keniry, J.), entered April 14, 1987 in Rensselaer County, which granted defendant Niagara Mohawk Power Corporation's motion for summary judgment dismissing the complaint against it.

Plaintiffs, husband and wife, as tenants of certain real property owned by defendant Joan M. Fleuren in the City of Troy, Rensselaer County, seek damages for personal injuries sustained as a result of the leakage of carbon monoxide gases into their apartment emanating from the furnace and heating system in the basement of the dwelling.

The record demonstrates that the carbon monoxide was a product of combustion in a basement gas furnace using natu-

ral gas furnished by defendant Niagara Mohawk Power Corporation (hereinafter NIMO) and diverted into plaintiffs' living quarters by a plugged or clogged chimney which forced the gaseous matter back into the building. There is no showing of any prior notice to NIMO of this condition until January 23, 1985, the date on which plaintiffs first advised NIMO of the discernible odor of gas in their dwelling, following which NIMO personnel immediately "tagged" the furnace and shut off gas to it.

We perceive no basis upon which to hold NIMO responsible for plaintiffs' injuries, for a utility company is not liable for the escape of gas from a heating system (see, Reid v Westchester Light. Co., 236 NY 322; cf., Lockwood v Berardi, 135 AD2d 881). NIMO neither installed nor serviced the heating system in question; thus, there was no obligation to inspect such equipment flowing from NIMO to plaintiffs (see, Pernick v Central Union Gas Co., 183 App Div 543, affd 228 NY 594). Moreover, there is no allegation or proof of any latent danger or defect in the product distributed by NIMO which would trigger any duty to warn plaintiffs of a potential hazard (see, Cooke v Bernstein, 45 AD2d 497, 500).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.