■ CYNTHIA JACKSON, as Administrator of the Estate of LAWRENCE JACKSON, Deceased, et al., Appellants, et al., Plaintiff, v GAS COMPANY, Respondent, and AGWAY ENERGY PRODUCTS, LLC, et al., Appellants. [769 NYS2d 638]—

Kane, J. Appeal from a judgment of the Supreme Court (Dowd, J.), entered November 19, 2002 in Otsego County, which granted defendant Gas Company's motion for summary judgment dismissing the complaints against it.

This action arises out of a propane gas explosion and fire which injured two plaintiffs and killed Lawrence Jackson. Two propane tanks were located outside the residence where the incident occurred, one owned by defendant Agway Energy Products, LLC and the other by defendant Gas Company (hereinafter defendant). Agway stopped providing propane to the residence when the previous tenants moved out. Agway left its tank, but removed the regulator. Defendant was contracted to

provide propane service at the time of the incident. After the incident, however, it was determined that the Agway tank was hooked up to the residence's gas supply line, although the connection was not proper and appeared to use a barbeque grill regulator. Each plaintiff commenced a separate personal injury or wrongful death action against the property owners, defendant, Agway and related entities. After the actions were consolidated, defendant moved for summary judgment. Supreme Court granted the motion and dismissed plaintiffs' complaints against defendant. All other parties appeal.

Supreme Court properly granted summary judgment to defendant, as there was no proof that it breached its duty owed to plaintiffs. Defendant, as a propane supplier, undeniably owed a duty to occupants of the house to exercise a degree of care proportionate to the hazards of the product being supplied (see *Lockwood v Berardi*, 135 AD2d 881, 882 [1987]).

Although a resident of the house testified that she called *a* gas company the day before the explosion to complain about smelling gas, there was no proof that she called defendant, which denied receiving any such call. She could not remember which company she called. In fact, she testified that she thought she called Agway, but was not sure. Defendant could not have breached its duty by failing to respond to a call when there is no proof that it received any call.

Defendant also submitted sufficient evidence that during service calls it provided adequate care to ensure that all aspects of the propane system were operating safely and effectively. Despite contradictory deposition testimony about who was present for the inspections and the content of conversations, the testimony showed that on two occasions defendant's technician pressurized the system and checked the gas lines for leaks. On the February 26, 1998 service call, the technician also inspected the hot water heater. There was no smell of gas on either occasion. The county's fire investigation report stated that Agway's tank was hooked up to the gas line leading into the house, the valve was loosely secured to the tank, and the supply line was cross threaded. The report indicated that this loose and improper connection was a potential source of the gas leak. The report further indicated that the main force of the explosion came from the crawl space near where the supply line attached to the Agway tank entered the house. There was no proof that defendant failed to conduct proper inspections or that its equipment caused the explosion.

Plaintiffs' expert affidavit was insufficient to defeat the summary judgment motion. The expert identified a leak in the hot

water heater, but failed to indicate the size of that leak or its significance. Nowhere in his report does plaintiffs' expert indicate that the hot water heater was in the same condition at the time he inspected it as on the date of the explosion four years earlier, or on the date that defendant's technician inspected it five months before the explosion. Significantly, the hot water heater was present during the explosion and was then stored in unknown conditions for four years before it was inspected by plaintiffs' expert. No support for most of the expert's opinions was provided through personal knowledge, industry standards or through documentary evidence. Some of his opinions were clearly based on one-sided factual allegations which themselves were unsupported. "The bare conclusory assertions contained in the affidavit of [plaintiffs'] expert, which consisted primarily of speculative allegations with no independent factual basis, were insufficient to raise a triable issue of fact . . . ." (*Wallach v American Home Prods. Corp.*, 300 AD2d 576, 577 [2002] [citation omitted]; *see Phillips v McClellan St. Assoc.*, 262 AD2d 748, 749 [1999]).

Defendant responded with the affidavit of its own expert, who was present when plaintiffs' expert tested the hot water heater. That affidavit quantified the leak, noted that standard on-site testing would not have detected such a leak, the leak was within the acceptable range of leakage under industry standards, and noted that if such a minuscule leak had been discovered by a technician during an inspection it would not have been considered a hazard or required any action by defendant. Considering these affidavits, there was no proof of any breach of duty.

While an industry standard required the preservation of any equipment that may become involved in litigation, it was reasonable for defendant to believe that its regulator would not be involved in any litigation. The fire investigator indicated that Agway's tank was connected to the gas line at the time of the explosion and allowed defendant to remove its equipment from the scene. In any event, the issue of spoliation of evidence is within the trial court's purview (*see* CPLR 3126).

As there is no proof that defendant breached its duty of care, Supreme Court properly granted its motion for summary judgment dismissing plaintiffs' complaints. The remaining defendants' cross claims against defendant should likewise be dismissed.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by awarding defendant Gas Company summary judgment dismissing all cross claims against it; and, as so modified, affirmed.