*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                    519843
_____

FAIRVIEW PLAZA, INC.,
                    Appellant,

        v                                MEMORANDUM AND ORDER

ESTATE OF PETER J. RIGOS,
    Deceased, et al.,
                    Respondents.
_____

Calendar Date:  April 21, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Rose, JJ.

_____

        Freeman Howard, PC, Hudson (Paul M. Freeman of counsel),
for appellant.

        Rapport Meyers, LLP, Hudson (Victor Meyers of counsel), for
respondents.

_____

Garry, J.

        Appeal from an order of the Supreme Court (Zwack, J.),
entered January 7, 2014 in Columbia County, which, among other
things, granted summary judgment in defendants' favor and
dismissed the complaint.

        Plaintiff is the owner of Fairview Plaza, a strip mall
located in the Town of Greenport, Columbia County.  From 1971
until his death in 1993, Peter J. Rigos (hereinafter decedent)
was the sole proprietor of a laundromat and dry cleaning business
known as Wash-Rite Coin Laundry and Dry Cleaning, which leased
space from plaintiff in Fairview Plaza.  Defendant Judith Rigos,
decedent's widow, frequently assisted decedent in the daily
operations of the business during this time period.  Defendant

John Rigos, decedent's son, also occasionally assisted in the operation of the business and, beginning in 1989, began working there on a full-time basis. Decedent's lease term expired in 1996 and John Rigos — doing business as Wash-Rite Laundry — subsequently entered into a new lease with plaintiff. In 2002, plaintiff engaged a firm to conduct an environmental site assessment at Fairview Plaza. The results of the assessment suggested that the ground and soil behind Wash-Rite had been contaminated by the chemical perchloroethylene, also known as PERC. PERC had been used in the dry cleaning machines at Wash-Rite until approximately 1985 and had been stored in a tank in the vicinity of where the contamination was discovered. Plaintiff initiated this action and asserted claims pursuant to Navigation Law article 12 seeking to recover costs it has incurred in remediating the property. Supreme Court denied plaintiff's motion for summary judgment, and instead granted defendants summary judgment, dismissing the complaint against them. Plaintiff appeals.

Plaintiff contends that Supreme Court erred in determining that there was no showing that PERC constituted "petroleum," as that term is defined under Navigation Law article 12, and, therefore, in finding no basis for imposing liability upon defendants. We disagree. Navigation Law article 12 provides a private cause of action through which an aggrieved party may recover damages sustained as a result of another's discharge of petroleum (see Navigation Law § 181 [5]; Wheeler v National School Bus Serv., 193 AD2d 998, 999 [1993]). Petroleum is defined under the statute as "oil or petroleum of any kind and in any form including, but not limited to, oil, petroleum, fuel oil, oil sludge, oil refuse, oil mixed with other wastes and crude oils, gasoline and kerosene" (Navigation Law § 172 [15]).

Here, in support of its motion for summary judgment, plaintiff submitted, among other things, the affidavit of an environmental remediation expert who opined that data obtained from an analysis of the groundwater behind Wash-Rite "suggest[ed] a release of [PERC], a volatile petroleum-derived compound." Essentially, plaintiff argues that this finding that PERC is petroleum derived is sufficient to support imposition of

liability under the Navigation Law.[1]  This would constitute a novel expansion of the law; plaintiff does not cite to, nor can we find, any case in which PERC has been deemed to constitute petroleum under the Navigation Law.  At least two other courts have come to the opposite conclusion, finding that PERC does not constitute petroleum under the Navigation Law (see Carman Realty, LLC v Ju Cherl Yoon, 2007 NY Slip Op 34136[U], *4 [Sup Ct, Albany County 2007]; Major v Astrazeneca, Inc., 2006 WL 2640622, *22, 2006 US Dist LEXIS 65225, *65 [ND NY, Sept. 13, 2006, Nos. 5:01-CV-618 (Lead) (FJS/GJD), 5:00-CV-1736 (Member) (FJS/GJD)]).  As defendant argues, the vast and diverse range of products and substances derived from petroleum — many of which pose none of the same dangers as petroleum itself — would make a per se rule imposing liability for the discharge of any petroleum-derived substance unworkable.  Accordingly, we find no error in Supreme Court's determination that PERC is not petroleum as defined under Navigation Law article 12 (see Jackson v Gas Co., 2 AD3d 1104, 1106 [2003]; Sweeney v McCormick, 159 AD2d 832, 833 [1990]) and, thus, summary judgment was properly granted to defendants on plaintiff's Navigation Law claim.

Finally, as plaintiff's indemnification and contribution claims were premised solely on defendants' alleged liability under the Navigation Law, Supreme Court also properly dismissed those causes of action (see CPLR 1401; State of New York v Passalacqua, 19 AD3d 786, 790 [2005]).

Lahtinen, J.P., McCarthy and Rose, JJ., concur.

---

[1]  Notably, language in the expert's accompanying report supports the opposite conclusion, that is, that PERC is not properly classified as petroleum.  The report explains that "[n]o petroleum groundwater contamination has been found to exist within the site evaluated.  Conversely, chlorinated organic contaminants identified in groundwater collected adjacent to the rear entrance of the Wash-Rite facility do suggest the release of the dry cleaning chemicals (i.e., PERC)."

ORDERED that the order is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court