Deitrick v Long Is. Power Auth. (2018 NY Slip Op 06079)





Deitrick v Long Is. Power Auth.


2018 NY Slip Op 06079


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-04244
 (Index No. 3964/13)

[*1]George Deitrick, et al., respondents, 
v
Long Island Power Authority, et al., defendants, Keyspan Gas East Corporation, appellant.


Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for appellant.
Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Stephen C. Glasser and Susan M. Jaffe of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Keyspan Gas East Corporation appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered March 4, 2016. The order denied that defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Keyspan Gas East Corporation for summary judgment dismissing the amended complaint insofar as asserted against it is granted.
On October 29, 2012, during Hurricane Sandy, a tree was uprooted in the front yard of the plaintiffs' neighbor's house, disturbing the natural gas service line. Gas escaping from the line accumulated in the neighbor's house, and an explosion ensued. The explosion destroyed the neighbor's house and sent debris flying into the plaintiffs' house next door, allegedly causing injuries to the plaintiffs. The plaintiffs commenced this action against, among others, the appellant, Keyspan Gas East Corporation, alleging negligent installation and maintenance of the subject gas service line. The appellant moved for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court denied the motion.
While a gas company has a duty to maintain and repair its gas lines to avoid injury to neighboring property owners, the utility is liable only for injuries caused by its negligence in the installation or maintenance of its system (see De Witt Props. v City of New York, 44 NY2d 417, 423). A gas company "is not an insurer against accidents from escaping gas. It is only responsible if it is shown that gas escapes through its negligence" (Ward v Iroquois Gas Corp., 233 App Div 127, 133, affd 258 NY 124; see Ramirez Gabriel v Johnston's L.P. Gas Serv., Inc., 143 AD3d 1228, 1231; New York Cent. Mut. Fire Ins. Co. v Glider Oil Co., Inc., 90 AD3d 1638, 1641). Unless "there is some warning of a possible defect" with respect to a utility line, the supplier "is not obligated to tear up the streets to inspect [the] pipes," and it "is obviously impractical and would undoubtedly create new hazards" if the supplier was "expect[ed] or require[d] . . . to regularly unearth its entire system" (De Witt Props. v City of New York, 44 NY2d at 424; see e.g. Gillette Shoe Co. v City of New York, [*2]58 NY2d 853, 856).
Here, the appellant established, prima facie, that it was not negligent in the installation of the subject gas service line (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). The appellant submitted evidence that the tree that uprooted was not present in 1936 when the gas service line was installed. This evidence included the deposition testimony of a former senior administrator for the appellant's predecessor, who testified that the presence of a tree would have rendered it impossible to install the line where it was placed in 1936. The appellant also submitted an affidavit of an arborist, who opined that the subject tree was a mature tree planted after the construction of the community was completed in 1938, based on the fact that nearly every other house on the subject block had alternating plantings of similar sized trees, thereby demonstrating that the trees were intentionally planted as part of the development of the community. In opposition, the plaintiffs failed to raise a triable issue of fact. They did not submit evidence as to how the subject tree could have been present in 1936 during the installation of the gas service line, or evidence of an alternate means of installation had the subject tree been present on the neighboring property when the gas line was installed. Moreover, the plaintiffs' arborist failed to address the opinion of the appellant's arborist that the subject tree was a mature tree planted after construction of the community was completed in 1938.
Further, the appellant established, prima facie, that it was not negligent in maintaining the gas service line. The appellants' experts noted that the appellant complied with applicable regulations (see 49 CFR 192.723; 16 NYCRR 255.723) by performing a walking survey of the property on which the tree was located to detect leaks on July 28, 2010, within the three-year period prior to the explosion. The appellant submitted evidence demonstrating that no leaks were detected during that walking survey (see Hammerschmidt v Municipal Gas Co., 114 App Div 290, 291-292). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the appellant negligently maintained the gas service line. The opinions of the plaintiffs' experts did not rely on any applicable regulations or accepted industry standards and, instead, cited an American National Standards Institute (hereinafter ANSI) requirement, which the experts failed to demonstrate represented the general custom or usage in the industry (cf. Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328, 336). The plaintiffs' contention that the appellant was required to unearth its gas service lines without any evidence of a leak, relying on an ANSI requirement, is without merit (see De Witt Props. v City of New York, 44 NY2d at 424).
Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
In light of our determination, we need not address the appellant's remaining contention.
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court