OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the complaint dismissed.
Defendant City of Syracuse contracted with plaintiff for improvements to a running track in one of its parks. Pursuant to the contract, defendant withheld a sum as liquidated damages when plaintiff failed to complete the work on time. Plaintiff commenced this action to recover the withheld amount.
Plaintiff admits that it failed to comply with the notice of claim provision contained in the Syracuse City Charter (see, § 8-115). It argues, however, that service of a notice of claim was not necessary because it followed the procedure set forth in the contract for presentment of disputes. We disagree. Compliance with the charter’s notice of claim clause, unless waived, is a condition precedent to the commencement of litigation against the City (see, Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.], 53 NY2d 306, 311). This statutory provision will be deemed to have been waived only where there is an express agreement that it is inapplicable or where waiver may be implied from the fact that the parties have "set out detailed procedures which are 'plainly inconsistent with those contained in that section’ ” (id., quoting Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.] 45 AD2d 85, 86). Here there was no express *844 agreement to waive the charter’s notice of claim provision, and the procedures set out in the dispute resolution clause are not plainly inconsistent with the charter’s. Thus, the plaintiff’s failure to serve a notice of claim requires dismissal of the action.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacos a concur in memorandum; Judge Titone taking no part.
Order reversed, etc.