◼ TOM L. LAMERE & ASSOCIATES, INC., Appellant, v CITY OF SYRACUSE BOARD OF EDUCATION et al., Respondents. CITY OF SYRACUSE BOARD OF EDUCATION et al., Third-Party Plaintiffs, v HUEBER-BREUER CONSTRUCTION CO., INC., et al., Third-Party Defendants-Respondents. CITY OF SYRACUSE, Fourth-Party Plaintiff, v HARLEYSVILLE WORCESTER INSURANCE COMPANY, Formerly Known as WORCESTER INSURANCE COMPANY, et al., Fourth-Party Defendants-Respondents. (Action No. 1.) TOM L. LAMERE & ASSOCIATES, INC., Appellant, v CITY OF SYRACUSE et al., Respondents. (Action No. 2.) [851 NYS2d 752]—

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (James C. Tormey, J.), entered October 23, 2006 in actions for breach of contract. The order and judgment, inter alia, granted defendants' motions for summary judgment dismissing the amended complaint in action No. 1 and the complaint in action No. 2.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced these actions alleging, inter alia, that defendants breached their contract with plaintiff, pursuant to which plaintiff was to perform construction work on a school in defendant City of Syracuse (City). Supreme Court

properly granted defendants' motions for summary judgment dismissing the amended complaint in action No. 1 and the complaint in action No. 2 based on plaintiff's failure to comply with the notice of claim provision set forth in Syracuse City Charter § 8-115 (3). Compliance with that provision, "unless waived, is a condition precedent to the commencement" of both actions (*Davis-Wallbridge, Inc. v City of Syracuse*, 71 NY2d 842, 844 [1988], *rearg denied* 72 NY2d 841 [1988]; *see Hecht v City of Syracuse*, 201 AD2d 958 [1994], *lv denied* 84 NY2d 801 [1994]), and thus plaintiff was required to serve a notice of claim upon the City "within three (3) months after the accrual of such claim" (Syracuse City Charter § 8-115 [3]). "It is well settled that a contractor's claim accrues when its damages are ascertainable" (*C.S.A. Contr. Corp. v New York City School Constr. Auth.*, 5 NY3d 189, 192 [2005]). "Although the determination of the date on which damages are ascertainable may vary based on the facts and circumstances of each particular case, 'it generally has been recognized that damages are ascertainable once the work is substantially completed or a detailed invoice of the work performed is submitted'" (*id.*; *see Popular Constr. v New York City School Constr. Auth.*, 268 AD2d 467 [2000]). Here, defendants met their initial burden on the respective motions by submitting evidence that both plaintiff and the City considered the project to be substantially completed in August 2002 and that plaintiff submitted its last detailed invoice for its work on the project on October 31, 2002. Thus, plaintiff's damages were ascertainable no later than October 31, 2002, and its claims thus accrued at that time. Plaintiff served its first notice of claim on the City on February 4, 2003, and the notice of claim therefore was untimely. Contrary to plaintiff's contention, we conclude that plaintiff failed to raise a triable issue of fact whether its damages were not ascertainable by October 31, 2002.

We reject at the outset plaintiff's contention that defendants' motions are premature because further discovery may reveal facts justifying denial of the motions (*see* CPLR 3212 [f]). That contention is based on mere speculation and thus is insufficient to defeat the motions (*see Preferred Capital v PBK, Inc.*, 309 AD2d 1168, 1169 [2003]).

We further reject the contention of plaintiff that, because it was continuing to perform work on the project as late as October 2003, there is a triable issue of fact with respect to the date on which the project was substantially completed such that plaintiff could ascertain its damages for purposes of filing a notice of claim. As evidenced by its own field report, the only work

performed by plaintiff in October 2003 was incidental punch list work such as caulking window sills and installing floor mats. A construction project may be deemed completed "even though incidental matters relating to the project remain open" (*State of New York v Lundin*, 60 NY2d 987, 989 [1983]). Contrary to plaintiff's contention, the City's subjective belief that plaintiff failed to complete its work on the project does not constitute evidence that the project was not substantially completed to enable plaintiff to ascertain its own damages. Also contrary to plaintiff's contention, the fact that the City notified plaintiff on January 31, 2005 that it was in default under the contract is irrelevant in determining when plaintiff's claims alleged in action No. 2 accrued. The record establishes that plaintiff's claims for damages in action No. 2 were based on events that occurred prior to August 2002, during the course of construction of the project. Thus, the damages sought in action No. 2 also were ascertainable no later than October 31, 2002.

Finally, we reject plaintiff's contention that the City should be equitably estopped from raising the failure to serve a timely notice of claim as an affirmative defense. A municipality "may be estopped from asserting such a defense when, based on its activities, conduct, statements or writings, or those of its representatives, it lulls a [plaintiff] into taking no action until after the . . . period for [service has] passed" (*Lenz Hardware, Inc. v Board of Educ. of Van Hornesville-Owen D. Young Cent. School Dist.*, 24 AD3d 1278, 1279 [2005] [internal quotation marks omitted]). Here, plaintiff concedes that all of the City's alleged promises to pay plaintiff occurred after it served its first notice of claim, which as previously noted was after the three-month period for compliance with the City Charter had passed. Thus, those alleged promises cannot be said to have lulled plaintiff into taking no action until after the period for service had passed. Further, plaintiff does not allege, nor does the record establish, that the City "led [plaintiff] to believe that its claims would be viewed favorably and thus [plaintiff] has failed to allege that it was lulled into taking no action until after the . . . period for service had passed" (*id.*). Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.