# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1318**
**CA 11-01170**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND SCONIERS, JJ.

---

NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY,
AS SUBROGEE OF RICHARD FREAR AND BARBARA FREAR,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                          MEMORANDUM AND ORDER

GLIDER OIL COMPANY, INC.,
DEFENDANT-RESPONDENT-APPELLANT,
AND STEWART BROCKETT, DOING BUSINESS AS ANOTHER
CONSTRUCTION COMPANY, DEFENDANT-RESPONDENT.

---

MITCHELL GORIS STOKES & O'SULLIVAN, LLC, CAZENOVIA (PATRICK J.
O'SULLIVAN OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (GABRIELLE M. HOPE OF
COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

PETRONE & PETRONE, P.C., UTICA (JAMES H. COSGRIFF, III, OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court,
Onondaga County (Anthony J. Paris, J.), entered August 25, 2010.  The
order, granted the motion of defendant Stewart Brockett, doing
business as Another Construction Company, for summary judgment and
granted in part the motion of defendant Glider Oil Company, Inc. for
summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying those parts of the motion
of defendant Glider Oil Company, Inc. for summary judgment dismissing
the first and fourth causes of action against it and reinstating those
causes of action against that defendant and by denying defendant
Stewart Brockett, doing business as Another Construction Company,
summary judgment dismissing the cross claim against him and
reinstating that cross claim, and as modified the order is affirmed
without costs.

Memorandum:  Plaintiff, as subrogee of the owners of the property
in question, Richard Frear and Barbara Frear, commenced this action on
June 17, 2008 seeking to recover sums that it paid to the Frears for
property damage sustained as a result of a liquid propane (LP) gas
explosion.  The Frears entered into a contract with defendant Stewart
Brockett, doing business as Another Construction Company, for the
construction of a home that was to include an LP gas system.  The

Frears entered into a separate contract with defendant Glider Oil Company, Inc. (Glider) for the installation of an LP gas tank and supply system and for the provision of all future LP gas required. Brockett completed construction of the home in September 2001, and Glider installed and connected the LP gas tank and supply system in October 2001.  Glider returned to the home on October 31, 2006 to service the LP gas tank, and it last supplied LP gas to the home on November 6, 2006.  The home was destroyed by an LP gas explosion on March 20, 2007.

Plaintiff alleged four causes of action against defendants for negligence, breach of warranty, breach of contract and strict products liability, and each defendant cross-claimed against the other for contribution.  Brockett moved for summary judgment dismissing the complaint against him, and Glider also moved for summary judgment dismissing the complaint against it.  Supreme Court granted Brockett's motion in its entirety and granted those parts of the motion of Glider with respect to the first cause of action, for negligence, the second cause of action, for breach of warranty, and the fourth cause of action, for strict products liability.

We reject the contention of plaintiff on its appeal that the court erred in granting that part of Brockett's motion for summary judgment dismissing the breach of contract cause of action against him as time-barred.  The statute of limitations for a breach of contract cause of action is six years (*see* CPLR 213 [2]).  In an action "against a general contractor and architect for defective construction and design, the cause of action generally accrues upon the completion of construction, meaning completion of the actual physical work" (*State of New York v Lundin*, 60 NY2d 987, 989; *see Phillips Constr. Co. v City of New York*, 61 NY2d 949, 951, *rearg denied* 62 NY2d 646; *Caleb v Sevenson Envtl. Servs., Inc.*, 19 AD3d 1090, 1091), i.e., "when the contract in question was substantially completed" (*Town of Poughkeepsie v Espie*, 41 AD3d 701, 706, *lv dismissed* 9 NY3d 1003, *lv denied* 15 NY3d 715).  Brockett established his entitlement to judgment as a matter of law with respect to the breach of contract cause of action inasmuch as he established that the home was substantially completed in September 2001, more than six years before commencement of this action (*see Lundin*, 60 NY2d at 989; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Although there is evidence in the record that Brockett returned to the home in either the fall of 2001 or 2002 to complete work, that evidence is insufficient to raise a triable issue of fact concerning the date when the home was substantially completed (*see generally Zuckerman*, 49 NY2d at 562).  Indeed, the work in question was described as incidental and cosmetic, and it was performed in a few hours on one day (*see Lundin*, 60 NY2d at 989-990; *Tom L. LaMere & Assoc., Inc. v City of Syracuse Bd. of Educ.*, 48 AD3d 1050, 1051-1052).  "[C]onstruction may be complete even though incidental matters relating to the project remain open" (*Lundin*, 60 NY2d at 989; *see Phillips Constr. Co.*, 61 NY2d at 951; *Tom L. LaMere & Assoc., Inc.*, 48 AD3d at 1052).  We note that plaintiff failed to raise any issues in its brief with respect to those parts of the order granting Brockett's motion for summary judgment dismissing the first,

second and fourth causes of action against him, and we therefore deem any such issues abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984).

We reject plaintiff's further contention that the court erred in granting that part of Glider's motion for summary judgment dismissing the breach of warranty cause of action against it as time-barred. The statute of limitations for a breach of warranty cause of action is four years (*see* UCC 2-725 [1]), and such a cause of action "against a manufacturer or distributor 'accrues on the date the party charged tenders delivery of the product' " (*Rissew v Yamaha Motor Co.*, 129 AD2d 94, 99, quoting *Heller v U.S. Suzuki Motor Corp.*, 64 NY2d 407, 411; *see* UCC 2-725 [2]). It is undisputed that Glider installed and connected the LP gas tank and supply system on or about October 22, 2001, and this action was commenced more than four years after that cause of action accrued (*see* UCC 2-725 [2]; *Heller*, 64 NY2d at 411).

We agree with plaintiff, however, that the court erred in granting those parts of Glider's motion for summary judgment dismissing the negligence and strict products liability causes of action against it, and we therefore modify the order accordingly. This case "falls in the borderland between tort and contract, an area [that] has long perplexed courts" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 550). "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated . . . [That] legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389; *see Sommer*, 79 NY2d at 551-552; *Gallup v Summerset Homes, LLC*, 82 AD3d 1658, 1660). " '[M]erely alleging that the breach of a contract duty arose from a lack of due care will not transform a simple breach of contract into a tort' " (*Gallup*, 82 AD3d at 1660, quoting *Sommer*, 79 NY2d at 551). "In considering whether plaintiff[ has] viable tort causes of action, we must also consider 'the nature of the injury, the manner in which the injury occurred and the resulting harm' " (*id.*, quoting *Sommer*, 79 NY2d at 552).

Here, plaintiff demonstrated that Glider owed a legal duty independent of its contractual obligations, thus precluding summary judgment dismissing the negligence and strict products liability causes of action (*see Sommer*, 79 NY2d at 551-553; *cf. Clark-Fitzpatrick, Inc.*, 70 NY2d at 389-390; *Gallup*, 82 AD3d at 1660). "A legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship. [For example, p]rofessionals[ and] common carriers . . . may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties" (*Sommer*, 79 NY2d at 551). "A gas company is required to use reasonable care in the handling and distribution of gas. In view of the dangerous and explosive character of gas and its tendency to escape, a gas company has the duty to use that degree of caution which is reasonably necessary to prevent the escape or explosion of gas from its pipes and equipment" (PJI 2:185; *see*

*generally Schmeer v Gas Light Co. of Syracuse*, 147 NY 529, 538; *Jackson v Gas Co.*, 2 AD3d 1104, 1105; *Lockwood v Berardi*, 135 AD2d 881, 882). Thus, Glider's duty to act with reasonable care is not only a function of its contract with the Frears "but also stems from the nature of its services" (*Sommer*, 79 NY2d at 552).

In addition, "the manner in which the injury arose . . . and the resulting harm[ are] both typical of tort claims" (*id.* at 553). The gas explosion was an " 'abrupt, cataclysmic occurrence' " (*id.; see Syracuse Cablesystems v Niagara Mohawk Power Corp.*, 173 AD2d 138, 140- 142; *cf. Bellevue S. Assoc. v HRH Constr. Corp.*, 78 NY2d 282, 293-294, *rearg denied* 78 NY2d 1008). Further, plaintiff "is not seeking the benefit of [the] contractual bargain," inasmuch as the Frears suffered more than economic damages (*Sommer*, 79 NY2d at 553; *see Village of Palmyra v Hub Langie Paving, Inc.*, 81 AD3d 1352, 1353-1354; *Syracuse Cablesystems*, 173 AD2d at 142).

We agree with Glider on its cross appeal that the court erred in granting Brockett summary judgment dismissing the cross claim against him inasmuch as Brockett did not request that relief in his motion papers (*see Franklin Credit Mgt. Corp. v Wik*, 75 AD3d 1145, 1146; *Berle v Buckley*, 57 AD3d 1276, 1277; *Lyon v Lyon*, 259 AD2d 525). We therefore further modify the order accordingly. We reject the further contention of Glider on its cross appeal, however, that the court erred in denying that part of its motion for summary judgment dismissing the breach of contract cause of action against it as time- barred. Glider had recurring obligations under its contract with the Frears, i.e., to supply all LP gas required by the Frears and to maintain the LP gas supply system. " 'The general rule applicable to contract actions is that a six-year [s]tatute of [l]imitations begins to run when a contract is breached or when one party omits the performance of a contractual obligation' " (*Stalis v Sugar Cr. Stores*, 295 AD2d 939, 940). Where, as here, a contract provides for a recurring obligation, a claim for damages accrues each time the contract is allegedly breached (*see Bulova Watch Co. v Celotex Corp.*, 46 NY2d 606, 611; *Sirico v F.G.G. Prods., Inc.*, 71 AD3d 429, 435; *Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 80-81). Plaintiff alleged that Glider breached the contract by defectively servicing and supplying the LP gas system, and the record establishes that Glider last serviced the LP gas system in October 2006 and last supplied LP gas in November 2006.

Entered: December 30, 2011                    Frances E. Cafarell
                                              Clerk of the Court