# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**321**
**CA 11-01891**
PRESENT: SCUDDER, P.J., SMITH, CARNI, AND SCONIERS, JJ.

---

SENECA ONE REALTY, LLC, PLAINTIFF-APPELLANT,

V                                            MEMORANDUM AND ORDER

CITY OF BUFFALO, DEFENDANT-RESPONDENT.

---

FRANK T. GAGLIONE, P.C., AMHERST (KELLIE M. ULRICH OF COUNSEL), FOR PLAINTIFF-APPELLANT.

DAVID RODRIGUEZ, ACTING CORPORATION COUNSEL, BUFFALO (CINDY T. COOPER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered March 10, 2011 in a breach of contract action. The order granted the motion of defendant to dismiss the complaint.

It is hereby ORDERED that said appeal is unanimously dismissed except insofar as plaintiff challenges the determination that the action is barred by defendant's Charter § 21-2, and the order is otherwise affirmed without costs.

Memorandum: Plaintiff commenced this breach of contract action alleging that defendant failed to pay its share of the cost of work performed on two elevators, as required by a contract between defendant and plaintiff's predecessor in interest. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), contending, inter alia, that the action is barred by section 21-2 of defendant's Charter. Supreme Court concluded in its bench decision that section 21-2 required dismissal of the complaint, but denied the motion on the other grounds raised by defendant. We therefore dismiss the remainder of the appeal inasmuch as plaintiff is not aggrieved thereby (*see* CPLR 5511).

Contrary to plaintiff's contention, the court properly granted the motion. In pertinent part, defendant's Charter § 21-2 provides that "[n]o action or proceeding to recover or enforce any unliquidated account or claim against the city shall be brought until such claim shall have been filed with the city clerk . . . ." We reject plaintiff's contention that this is an action for a liquidated account and thus falls outside the ambit of section 21-2. The contract did not specify that defendant was required to pay a specific sum of "money, nor was a specified sum to be paid in any other way. The damages were unliquidated" (*Van Rensselaer v Jewett*, 2 NY 135, 139). Thus, inasmuch as the action is encompassed by section 21-2 and it is

undisputed that plaintiff failed to comply with the notice of claim requirement set forth in that section, the court properly granted defendant's motion to dismiss the complaint.

Entered:  March 16, 2012                              Frances E. Cafarell
                                                    Clerk of the Court