Wenig Saltiel, LLP v Specialized Loan Servicing, LLC (2020 NY Slip Op 20148)

Wenig Saltiel, LLP v Specialized Loan Servicing, LLC

2020 NY Slip Op 20148 [68 Misc 3d 6]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 30, 2020

[*1]

Wenig Saltiel, LLP, Appellant,
v
Specialized Loan Servicing, LLC, et al., Respondents, et al., Defendant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, June 26, 2020

APPEARANCES OF COUNSEL

Wenig Saltiel, LLP (Jeffrey L. Saltiel and Ian A. King, III of counsel) for appellant.
Knuckles, Komosinski & Elliot, LLP (Loretta Carty of counsel) for respondents.

{**68 Misc 3d at 7} OPINION OF THE COURT

Memorandum.

Ordered that the order entered September 14, 2016, insofar as appealed from, is affirmed, without costs.
The complaint in this action alleges, among other things, that plaintiff purchased real property from defendant Specialized Loan Servicing, LLC (SLS), which was acting as an agent for defendant Deutsche Bank National Trust Company as Trustee for GSAA Home Equity Trust 2005-4 (Deutsche Bank). The contract contains a merger clause and a statement that the premises were being sold "as is." Insofar as is relevant to this appeal, as a first cause of action, the complaint alleges that SLS and Deutsche Bank committed a fraud against plaintiff by making a false representation that the property was "properly winterized," and that plaintiff relied on that representation to its detriment. As a third cause of action, the complaint alleges that SLS and Deutsche Bank were negligent in failing to "hire a competent company to perform the winterization process." As a fourth cause of action, the complaint alleges that SLS and Deutsche Bank violated Insurance Law § 2502 (a) (2) by requiring plaintiff to obtain title insurance from a specific title insurer as a condition of the sale of the property. SLS and Deutsche Bank moved to [*2]dismiss the foregoing causes of action pursuant to CPLR 3211 (a) (1) and {**68 Misc 3d at 8}(7). By order entered March 4, 2016, the Civil Court granted the motion. Plaintiff appeals from so much of an order entered September 14, 2016, as, upon reargument, adhered to the court's prior determination dismissing the causes of action asserted against SLS and Deutsche Bank.
At the outset, we note that, at oral argument, plaintiff's counsel, Mr. Saltiel, conceded that, if the contract of sale is determined to be valid, plaintiff's fraud cause of action lacks merit. Plaintiff's basis for arguing that the contract is invalid is that, at the time the contract was executed, the seller, Deutsche Bank, did not have title to the premises. However, at the time of delivery of the deed to plaintiff at the closing, Deutsche Bank had title thereto and, therefore, the contract of sale was valid (see Grassi v Tatavito Homes, 90 AD2d 479 [1982], affd 58 NY2d 1038 [1983]; 91 NY Jur 2d, Real Property Sales and Exchanges §§ 13, 106). Consequently, in light of plaintiff's concession at oral argument, we need not address the merits of plaintiff's fraud cause of action and, thus, we find no basis to disturb the dismissal of the first cause of action.
[1] Further, plaintiff failed to state a cause of action sounding in negligence. "The elements of a common-law negligence cause of action are a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting therefrom" (Jiminez v Shahid, 83 AD3d 900, 901 [2011]; see Turcotte v Fell, 68 NY2d 432, 437 [1986]). Plaintiff failed to allege that SLS and Deutsche Bank owed a legal duty independent of their contractual obligations to plaintiff (see Sommer v Federal Signal Corp., 79 NY2d 540, 551 [1992]; Southern Tier Crane Servs., Inc. v Dakksco Pipeline Corp., 149 AD3d 1303, 1303-1304 [2017]; New York Cent. Mut. Fire Ins. Co. v Glider Oil Co., Inc., 90 AD3d 1638, 1640 [2011]). Consequently, the third cause of action was properly dismissed.
[2] Finally, plaintiff's fourth cause of action, based on violations of Insurance Law § 2502 (a) (2), was properly dismissed for failure to state a cause of action (see CPLR 3211 [a] [7]). The statute at issue does not expressly create a cause of action authorizing a party who has purchased real property from a bank to commence civil litigation against that bank when the transaction was conditioned upon the buyer's purchase of insurance from a particular insurer.
"Where, as here, a statute does not explicitly provide for a private right of action, recovery may only be had under the statute if a legislative intent{**68 Misc 3d at 9} to create such a right of action may fairly be implied in the statutory provisions and their legislative history. This inquiry involves three factors: (1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme" (Kamins v United Healthcare Ins. Co. of N.Y., Inc., 171 AD3d 715, 716 [2019] [internal quotation marks and citations omitted]; see Haar v Nationwide Mut. Fire Ins. Co., 34 NY3d 224, 227-229 [2019]; Eskenazi-McGibney v Connetquot Cent. Sch. Dist., 169 AD3d 8, 11 [2018]; Davis v Citibank, N.A., 116 AD3d 819, 821-822 [2014]).
"Critically, all three factors must be satisfied before an implied private right of action will be recognized" (Haar v Nationwide Mut. Fire Ins. Co., 34 NY3d at 227-229; see McLean v City of New York, 12 NY3d 194, 200 [2009]).
With respect to the first factor, the provision at issue was added to Insurance Law § 2502 to address the longstanding conflicts between the banking and insurance industries regarding the sale of insurance and to ensure a level playing field between banks and insurance [*3]companies with respect to the sale of insurance (see Sponsor's Mem, Bill Jacket, L 1997, ch 3). Thus, the legislative history reveals that the provision was intended to protect, among others, the insurance industry. Although purchasers of real property from banks may derive a benefit from this provision insofar as it tends to ensure that they have the right to purchase insurance from the agent or company of their choice, they do not constitute the sole class for whose particular benefit the provision was enacted (see Davis v Citibank, N.A., 116 AD3d at 822 [holding that the first factor was not satisfied because although the plaintiffs might derive a benefit from the statutory program at issue, the program was not promulgated solely for their particular benefit]; Flagstar Bank, FSB v State of New York, 114 AD3d 138, 146 [2013] [holding that the first factor was not satisfied because the plaintiffs did not constitute the sole class for whose particular benefit the statutory provisions at issue were enacted]). Since plaintiff fails to satisfy the first prong, we must conclude, regardless of our determination of the other two factors, that there is no implied right of action under {**68 Misc 3d at 10}Insurance Law § 2502 (a) (2) (see Haar v Nationwide Mut. Fire Ins. Co., 34 NY3d at 229-231).
Accordingly, the order entered September 14, 2016, insofar as appealed from, is affirmed.
The decision and order of this court dated May 10, 2019 (63 Misc 3d 152[A], 2019 NY Slip Op 50752[U] [2019]) is hereby recalled and vacated (see mot decided simultaneously herewith [2020 NY Slip Op 69197(U) (2020)]).
Weston and Aliotta, JJ., concur; Pesce, P.J., taking no part.