Blackmon v City of Syracuse (2020 NY Slip Op 04254)





Blackmon v City of Syracuse


2020 NY Slip Op 04254


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND CURRAN, JJ.


293 CA 19-00310

[*1]HAROLD BLACKMON, ADRIAN L. GREEN, ROBERT HUNTER, TERRY MILLER, JACKIE ROGERS, CLARENCE STACKHOUSE, PAUL LEE, THEO DERBY, WILLIAM H. RIDDICK, VICTOR YOUNG, AND ERNEST A. CROWDER, PLAINTIFFS-APPELLANTS,
v
CITY OF SYRACUSE, DEFENDANT-RESPONDENT, JOHN DOE(S) AND JANE DOE(S), DEFENDANTS. 






BOSMAN LAW FIRM, LLC, BLOSSVALE (A.J. BOSMAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
BOND SCHOENECK & KING, SYRACUSE (ADAM P. MASTROLEO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered December 11, 2018. The order granted the motion of defendant City of Syracuse to dismiss the second amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the second, seventh, and eighth causes of action in the second amended complaint, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs, current or former employees of defendant City of Syracuse (City) in the City's Department of Public Works, commenced this action against the City and defendants "John Doe(s) and Jane Doe(s)," who were yet to be identified "supervisors and or decision makers with respect to [p]laintiffs' employment," alleging race discrimination in their employment and retaliation. The City moved to dismiss the second amended complaint pursuant to CPLR 3211 (a) (7). Supreme Court granted the motion, and we now modify.
We note at the outset that plaintiffs have abandoned any contention that the court erred in dismissing the first cause of action, for breach of contract, or the fifth or sixth causes of action, for municipal liability for a custom, policy, or practice of race discrimination and retaliation, respectively, by failing to address those causes of action in their brief (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (Leon v Martinez, 84 NY2d 83, 87 [1994]). We must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (id. at 87-88). Here, the City moved to dismiss the second amended complaint on the ground that plaintiffs failed to comply with the notice of claim provisions of Syracuse City Charter § 8-115 (see Seneca One Realty, LLC v City of Buffalo, 93 AD3d 1226, 1227 [4th Dept 2012]). Compliance with those provisions, "unless waived, is a condition precedent to the commencement of litigation against the City" (Davis-Wallbridge, Inc. v City of Syracuse, 71 NY2d 842, 844 [1988], rearg denied 72 NY2d 841 [1988]; see Tom L. LaMere & Assoc., Inc. v City of Syracuse Bd. of Educ., 48 AD3d 1050, 1051 [4th Dept 2008]). In opposition to the motion, plaintiffs did not dispute that they failed to file a notice of claim, but rather argued that they were not required to do so. Thus, the issue here is whether plaintiffs were required to file a notice of claim pursuant to the Syracuse City Charter.
We agree with plaintiffs that they did not need to file a notice of claim with respect to their Federal discrimination claims under the second, seventh, and eighth causes of action (see Felder v Casey, 487 US 131, 151-153 [1988]; Matter of Nicholson v City of New York, 166 AD3d 979, 979 [2d Dept 2018]; Matter of Clairol Dev., LLC v Village of Spencerport, 100 AD3d 1546, 1547 [4th Dept 2012]; Montano v City of Watervliet, 47 AD3d 1106, 1110 [3d Dept 2008]). We therefore modify the order by denying the motion in part and reinstating those causes of action in the second amended complaint.
In contrast to the Federal claims, the State claims are subject to notice of claim requirements (see Gorman v Sachem Cent. School Dist., 232 AD2d 452, 453 [2d Dept 1996]). As plaintiffs correctly assert, the notice of claim provisions of General Municipal Law
§§ 50-e and 50-i are inapplicable to State claims under the Human Rights Law (see Margerum v City of Buffalo, 24 NY3d 721, 730 [2015]; Thygesen v North Bailey Volunteer Fire Co., Inc., 106 AD3d 1458, 1460 [4th Dept 2013]). But that is because Human Rights claims "are not tort actions under section 50-e and are not personal injury, wrongful death, or damage to personal property claims under section 50-i" (Margerum, 24 NY3d at 730; see Picciano v Nassau County Civ. Serv. Commn., 290 AD2d 164, 170 [2d Dept 2001]). In contrast, Syracuse City Charter § 8-115 (3) is not limited to tort claims or claims for personal injury. It provides in relevant part that "[n]o action or special proceeding, for any cause whatever, . . . involving the rights or interests of the [C]ity shall be prosecuted or maintained against the [C]ity" unless a notice of claim was served on the City within three months after the accrual of such claim (id. [emphasis added]). The broad language of that notice of claim requirement encompasses plaintiffs' causes of action under the Human Rights Law (see Matter of Farrell v City of Kingston, 156 AD3d 1269, 1272 [3d Dept 2017]; 
Picciano, 290 AD2d at 170).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court