One Ten Restoration, Inc. v New York City Sch. Constr. Auth. (2022 NY Slip Op 01032)





One Ten Restoration, Inc. v New York City Sch. Constr. Auth.


2022 NY Slip Op 01032


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2019-02392
 (Index No. 708426/18)

[*1]One Ten Restoration, Inc., appellant, 
v
New York City School Construction Authority, respondent.


King & King, LLP, Pelham, NY (Peter M. Kutil of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Claude S. Platton, Ashley R. Garman, and Nwamaka Ejebe of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered January 16, 2019. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
Between 2007 and 2011, the plaintiff allegedly was awarded nine construction contracts by the defendant, New York City School Construction Authority (hereinafter SCA), for initial contract amounts totaling more than $16 million. On or about June 2, 2017, the plaintiff served a notice of claim (hereinafter the June 2, 2017 notice of claim) on the SCA seeking the sum of $3,105,131.70, which represented alleged unpaid monies due, inter alia, relating to change orders. On the copy of the June 2, 2017, notice of claim initially served on the SCA, the signature lines for the verification and for the notarization contained an "/s/." However, on June 6, 2017, the plaintiff's counsel emailed the SCA a copy of a fully executed signature page for the June 2, 2017 notice of claim. Additionally, on June 6, 2017, the plaintiff's counsel served the SCA with a revised notice of claim (hereinafter the June 6, 2017 notice of claim) increasing the amount of damages sought to $3,397,172.11. The signature lines for the verification and notarization on the June 6, 2017 notice of claim again contained only an "/s/" and no fully executed verification page for that notice of claim was ever provided to the SCA.
On or about May 31, 2018, the plaintiff commenced this action to recover the alleged damages described in both the June 2, 2017 and June 6, 2017 notices of claim. The SCA moved pursuant to CPLR 3211(a) to dismiss the complaint. The SCA argued, inter alia, that the notices of claim were not sufficiently detailed, that the notices of claim were not timely presented, and that the June 6, 2017 notice of claim was defective in that it was not verified. Of note, the SCA did not make any legal arguments with respect to the verification supplied by the plaintiff for the June 2, 2017 notice of claim.
In an order entered January 16, 2019, the Supreme Court granted the SCA's motion to dismiss the complaint, determining that both notices of claim were not properly verified. Thus, the court directed dismissal of the complaint. In light of the determination, the order provided: "This Court need not address, and will not determine, the remaining bases for the motion."
"No action or proceeding for any cause . . . relating to the design, construction, reconstruction, improvement, rehabilitation, repair, furnishing or equipping of educational facilities, shall be prosecuted or maintained against the [SCA] unless . . . a detailed, written verified notice of each claim upon which any part of such action or proceeding is founded was presented to the board within three months after the accrual of such claim" (Public Authorities Law § 1744[2] [emphasis added]).
The Supreme Court properly directed dismissal of so much of the complaint as was premised upon the June 6, 2017 notice of claim based upon the plaintiff's complete failure to provide any verification for that notice of claim (see McKune v City of New York, 19 AD3d 308, 309-310). However, the court erred in directing dismissal of so much of the complaint as was premised upon the June 2, 2017 notice of claim, as a proper verification for that notice of claim was served upon the SCA. Moreover, the SCA did not challenge the validity of the verification for the June 2, 2017 notice of claim in its motion.
Although the Supreme Court did not reach that branch of the defendants' motion which was to dismiss the complaint on the ground that the June 2, 2017 notice of claim was untimely, we reach that issue as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539; Astoria Landing, Inc. v New York City Council, 186 AD3d 1593, 1595).
The Supreme Court should have dismissed so much of the complaint as was premised upon the June 2, 2017 notice of claim because that notice of claim was untimely. Under Public Authorities Law § 1744, a contractor must serve a notice of claim against the SCA within three months after the accrual of the claim. The version of Public Authorities Law § 1744(2) that was in effect at the time the nine contracts at issue were executed, and which applies to this litigation, did not indicate when a claim for monies due under the contract accrued (see Kafka Constr., Inc. v New York City Sch. Constr. Auth., 125 AD3d 933, 935). However, applicable case law held that a contractor's claim accrued when its damages became ascertainable and it was generally recognized that damages were "ascertainable once the work is substantially completed or a detailed invoice of the work performed is submitted" (C.S.A. Contr. Corp. v New York City School Constr. Auth., 5 NY3d 189, 192 [internal quotation marks omitted]; Kafka Constr., Inc. v New York City Sch. Constr. Auth., 125 AD3d at 935).
Here, eight of the nine contracts reached substantial completion between 2007 and 2011, years before the plaintiff served the June 2, 2017 notice of claim. Although the ninth contract did not reach substantial completion at the time this action was commenced, the dates of the change orders related to the ninth contract were submitted by the plaintiff more than three months before the presentment of the June 2, 2017 notice of claim (see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 186 AD3d 540, 542; AMCC Corp. v New York City Sch. Constr. Auth., 154 AD3d 673, 675). Thus, the June 2, 2017 notice of claim was untimely.
Nevertheless, a municipality may be estopped from asserting that a notice of claim is untimely "when, based on its activities, conduct, statements or writing, or those of its representatives, it lulls a [plaintiff] into taking no action until after the . . . period for [service has] passed" (Tom L. LaMere & Assoc., Inc. v City of Syracuse Bd. of Educ., 48 AD3d 1050, 1052 [internal quotation marks omitted]). Here, the complaint, even as amplified by the affidavit of Amjad Nazir, the plaintiff's owner and president, and the documents attached thereto, did not sufficiently allege that the SCA engaged in activities, conduct, statements, or writings that would have led the plaintiff to reasonably believe that it did not need to observe the statutory requirements to protect its claim (see Wade v New York City Health & Hosps. Corp., 16 AD3d 677; Kafka Constr., Inc. v New York City Sch. Constr. Auth., 2011 NY Slip Op 33321[U], *1 [Sup Ct, Queens County]).
Further, the complaint, even as amplified by the Nazir affidavit and the documents attached thereto, fails to sufficiently allege that the SCA waived its contention that the notice of claim was untimely. Waiver applies when there is an express agreement that the claim requirements are inapplicable or where waiver may be implied from the fact that the parties have set out detailed procedures which are plainly inconsistent with the statutory requirements (see Davis-Wallbridge, Inc. v City of Syracuse, 71 NY2d 842, 843). The plaintiff's contention that the SCA waived compliance [*2]with the statutory requirements by making payments after the expiration of the applicable three month deadlines after substantial completion is without merit. Further, the plaintiff's allegation that the SCA discussed possible mediation or resolution of the plaintiff's claims does not constitute a waiver of the statutory notice of claim provision (see Philson Painting Co. v Board of Educ. of City of N.Y., 133 AD2d 619; Bovis Lend Lease LMB, Inc. v New York City Sch. Constr. Auth., 2012 NY Slip Op 33352[U], *4 [Sup Ct, Queens County]).
We need not reach the SCA's remaining contention in light of our determination.
DILLON, J.P., CONNOLLY, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court