Fair v City of Mount Vernon (2022 NY Slip Op 06468)

Fair v City of Mount Vernon

2022 NY Slip Op 06468

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-11394
 (Index No. 68901/17)

[*1]Larry Fair, appellant, 
v
City of Mount Vernon, et al., respondents, et al., defendants.

Akin Law Group, PLLC, New York, NY (Robert D. Salaman of counsel), for appellant.
Bond, Schoeneck & King, PLLC, Garden City, NY (Richard S. Finkel and Jacqueline A. Giordano of counsel), for respondents City of Mount Vernon, Richard Thomas, and Ralph Uzzi.
Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney, Steven L. Foss, and Devin M. Dilts of counsel), for respondent Neil Carretta.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of race in violation of the New York State Human Rights Law (see Executive Law § 296), the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated September 5, 2019. The order granted the motion of the defendants City of Mount Vernon, Richard Thomas, and Ralph Uzzi, and the separate motion of the defendant Neil Carretta, for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff, an African-American male, was employed by the Mount Vernon Department of Public Works. The plaintiff commenced the instant action on November 13, 2017, against the City of Mount Vernon, Mayor Richard Thomas, Commissioner Ralph Uzzi, Neil Carretta, Jacene Thomas, and Preston Thomas, alleging, inter alia, that he was subjected to racial discrimination, a hostile work environment, and retaliation in violation of the New York State Human Rights Law (hereinafter NYSHRL). Following motion practice, the complaint was dismissed insofar as asserted against the defendants Jacene Thomas and Preston Thomas and several of the causes of action were dismissed as to the remaining defendants, leaving only (1) the first cause of action alleging employment discrimination in violation of the NYSHRL against the City, Commissioner Uzzi, and Carretta, except to the extent that it was premised on the denial of overtime and overtime pay, (2) the second cause of action, alleging a hostile work environment in violation of the NYSHRL against the City, Commissioner Uzzi, and Carretta, and (3) the third cause of action, alleging retaliation in violation of the NYSHRL against the City, Commissioner Uzzi, and Carretta, and against Mayor Thomas to the extent that it alleged that Mayor Thomas aided and abetted the alleged retaliatory conduct. Thereafter, the City, Mayor Thomas, and Commissioner Uzzi jointly moved, and Carretta separately moved, for summary judgment dismissing the remaining causes of [*2]action in the complaint insofar as asserted against each of them. In an order dated September 5, 2019, the Supreme Court granted the defendants' separate motions, finding that the plaintiff failed to serve a timely notice of claim, which was a condition precedent to commencing this action. The plaintiff appeals.
Contrary to the plaintiff's contention, the filing of a notice of claim was a condition precedent to the maintenance of this action against the remaining defendants (see Seifullah v City of New York, 161 AD3d 1206; Scopelliti v Town of New Castle, 210 AD2d 308; see also Blackmon v City of Syracuse, 185 AD3d 1505; Matter of Farrell v City of Kingston, 156 AD3d 1269). In contrast to General Municipal Law §§ 50-e(1) and 50-i(1), the Mount Vernon City Charter section 265 broadly requires the filing of a notice of claim as a condition precedent to a "civil action . . . of any name or nature whatsoever, . . . arising at law or in equity," which includes the plaintiff's causes of action pursuant to the NYSHRL (see Executive Law § 296). Accordingly, the plaintiff's reliance upon Margerum v City of Buffalo (24 NY3d 721) is misplaced.
Therefore, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
The plaintiff's remaining contentions are either without merit or academic in light of our determination.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court