Arnell Constr. Corp. v New York City Sch. Constr. Auth.

2026 NY Slip Op 02811

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Arnell Construction Corporation, appellant,

v

New York City School Construction Authority, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-06089, (Index No. 721259/21)

Colleen D. Duffy, J.P.

Deborah A. Dowling

Phillip Hom

Susan Quirk, JJ.

Forchelli Deegan Terrana LLP, Uniondale, NY (John M. Comiskey, David A. Loglisci, and Joseph P. Asselta of counsel), for appellant.

Steven Banks, Corporation Counsel, New York, NY (Jamison Davies and Tahirih M. Sadrieh of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered February 20, 2024. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.

ORDERED that the order is affirmed, with costs.

On or about January 7, 2021, the plaintiff served a notice of claim (hereinafter the January 2021 notice of claim) on the defendant, New York City School Construction Authority (hereinafter the SCA), seeking the sum of $2,442,536.27, which represented alleged unpaid monies due relating to certain change orders submitted between March 2015 and January 2019 for a renovation project undertaken by the plaintiff for the SCA. In September 2021, the plaintiff commenced this action against the SCA to recover damages for breach of contract, alleging damages as described in the January 2021 notice of claim. Prior to filing an answer, the SCA moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, inter alia, that the January 2021 notice of claim was untimely. In support of its motion, the SCA submitted, among other things, evidence that the plaintiff had served a prior notice of claim on or about September 16, 2020, which sought the same sum as the January 2021 notice of claim and was based on the same dispute. In an order entered February 20, 2024, the Supreme Court granted the SCA's motion. The plaintiff appeals.

Pursuant to Public Authorities Law § 1744(2), a contractor's action for breach of contract against the SCA cannot be maintained unless "a detailed, written verified notice of each claim upon which any part of such action . . . is founded was presented to the board within three months after the accrual of such claim." The version of the statute that was in effect at the time the parties entered into the renovation contract, and which applies to this litigation, did not indicate when a claim for monies due under the contract accrued (see One Ten Restoration, Inc. v New York City Sch. Constr. Auth., 202 AD3d 981, 984; Kafka Constr. Inc. v New York City Sch. Constr. Auth., 125 AD3d 933, 935). Under such circumstances, a contractor's claim accrues "when its damages bec[o]me ascertainable and it [is] generally recognized that damages [are] 'ascertainable once the work is substantially completed or a detailed invoice of the work performed is submitted'" (One Ten [*2]Restoration, Inc. v New York City Sch. Constr. Auth., 202 AD3d at 983, quoting C.S.A. Contr. Corp. v New York City School Constr. Auth., 5 NY3d 189, 192). Here, it is undisputed that the January 2021 notice of claim was served more than three months after accrual of the claim upon which this action is founded (see Public Authorities Law § 1744[2]).

Contrary to the plaintiff's contention, it failed to demonstrate that the SCA waived the statutory notice of claim requirements. "Waiver applies when there is an express agreement that the claim requirements are inapplicable or where waiver may be implied from the fact that the parties have set out detailed procedures which are plainly inconsistent with the statutory requirements" (One Ten Restoration, Inc. v New York City Sch. Constr. Auth., 202 AD3d at 984; see Davis-Wallbridge, Inc. v City of Syracuse, 71 NY2d 842, 843-844). Here, the plaintiff provided no evidence of an express agreement with the SCA that the notice of claim requirements of Public Authorities Law § 1744(2) are inapplicable or that the plaintiff and the SCA otherwise set out "detailed procedures" that differ from the statutory notice of claim requirements (One Ten Restoration, Inc. v New York City Sch. Constr. Auth., 202 AD3d at 984). The plaintiff's submission of a letter from the SCA dated January 14, 2021, responding to the January 2021 notice of claim, was insufficient to constitute a waiver (see id.). Accordingly, the Supreme Court properly granted the SCA's motion pursuant to CPLR 3211(a) to dismiss the complaint.

The parties' remaining contentions need not be reached in light of our determination.

DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court